Wheeler, J.
It is clear that the matters specially pleaded by the defendant did not constitute in law a justification of the trespass committed by him or a good plea in bar of the action. Those matters could only avail the defendant in extenuation of the trespass and in mitigation of damages. Matters which go merely in aggravation or in extenuation, and whose effect is hut to enhance or diminish the damages, need not he pleaded. They are necessarily incidental to or intimately connected with and inseparable from the facts which constitute the cause of action or ground of defense, which they merely serve to qualify or illustrate, and in connection with which they are. always admissible in evidence as a part of the res gestee, without being specially pleaded. And if pleaded, disconnected from the principal facts which *12 gira the right assorted and upon which they are thus dependent, exceptions to the pleading may properly he sinlaincd, since in that form it will not constitute a good'cause of action or ground of defense, and consequently will not afford the basis of an adjudication in favor of the party. Every pleading mast contain the. averment, of material, issuable facts — -facts upon which an issue may he formed — which when decided will determine the controversy and authorize a judgment for the party in. whose favor it may be found. The pleading to which the exceptions in this case were sustained contains no averment of any such fact either in bar of the. action or in abatement of the suit. The exceptions therefore were tightly susfaiued.
Note 4. — The prejudice of a juror, unknown to the party until after the trial, is good oau^e for granting a new trial. A party is not. precluded from making this objection because he did not examine the juror upon Ms coir dire as to his prejudice unless gross negligence is shown on his part-. (Ilanks v. The State, 2L T., 2(>.)
But were it otherwise the defendant had the full benefit of the matters pleaded. The facts were in evidence before the jury, who were permitted to give to them all the effect which the defendant could legally claim for them. It is manifest therefore that the defendant can have suffered no injury or prejudice in consequence of the ruling complained of. (Hardy et al. v. De Leon, 5 Tex. R., 211.) The remaining assignment of errors relates to the overruling of the motion for a new trial. The grounds of the motion deemed to require notice are, 1st, that (.lie damages assessed by the jury are excessive; 2d, objections to one of the jurors.
In respect to the first, ground it is to be observed that this was a ease in which the jury were at liberty to impose exemplary damages, and in eases of this character a new trial will not be granted on the ground of excessive damages unless they are so llagranfly excessive as to warrant the conclusion that the jury were actuated by passion, partiality, or prejudice. In these eases, whore there, is no rule of law regulating the assignment of damages and the amount does not depend on computation, the judgment of the jury and not the opinion of the court is to govern, unless the damages are so grossly excessive as to manifest that the jury must have acted under some'undue or improper influence.. (2 Pick. R., 113; 9 Johns. R., 45; 10 Id., 443; 16 Pick. R., 541; 4 Mass. R., 1; 9 Pick. R., 11; 1 Bibb R., 247; 3 Da. R., 464; 2 Penn. R., 814.) The finding in this case was doubtless governed in a great degree by the, weight which the, jury attached to the evidence introduced by the defendant in mitigation of damages. Of the weight to which the evidence was entitled the jury were the judges; and we see nothing in the ease to warrant, the. supposition that they were actuated by partiality, prejudice, or any undue influence.
In respect to the remaining ground of the motion it may suffice to remark that it nowhere appears that (.lie juror Hoskins was a member of the-grand-jury, as alleged. If, however, there, was any objection to his com potency which would have been good cause of challenge, it should have been urged when the jury were impaneled, (8 Yerg. R., 607; 2 N. & McC., 261,) or the defendant should have adduced at least the evidence of liis own affidavit to the fact that the objection to the. juror was not then known to him.
The remark attributed to the juror is not deemed to afford evidence of partiality or prejudice. And (he same is true of this as of tile other objection to the juror; it should have been made (he subject of challenge if known to the defendant, and if not known, lie should at least have submitted bis affidavit to that effect in support of the motion.
The very ingenious and eloquent argument of the counsel who opened the case for the. appellant, would have received a more particular consideration in reference to the. positions maintained in the argument if in the opinion of the court Hie questions involved were attended with any real difficulty, or if the law of the ease was not regarded as too well settled to admit of serious controversy. The judgment is affirmed.
Judgment affirmed.