## JOHN B. BOWMAN *et al.*
### *v.*
## LOUISIANA ST. JOHN.

PLEADING. A, who was city marshal, arrested B for violating a city ordinance against obstructing a street. In an action of trespass by B against A for making the arrest, A pleaded justification under the ordinance; but the ordinance, as set out in the plea, simply declared the obstructing of a street a misdemeanor, without declaring a penalty, or giving to municipal authorities jurisdiction of the offense. On demurrer to the plea, — *held,* that such plea did not show that the city was entitled to recover a fine, impose a penalty, or issue process of any kind for the offense, and was therefore bad.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. WM. H. UNDERWOOD, for the appellants.

Mr. G. KOERNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass, assault and battery, brought in the St. Clair Circuit Court to the October Term, 1866, by Louisiana St. John, against John B. Bowman, and Timothy Canty.

There were two counts in the declaration in the usual form, to which the defendants pleaded not guilty, and a special plea of justification, setting out an ordinance of the city of East St. Louis, under which the arrest of the plaintiff was sought to be justified.

The ordinance is as follows: " SEC. 11. Whoever shall, in this city, obstruct the free passage way of any street, alley or wharf, by the deposit of wood, stones, earth or other substances (building materials excepted during the necessary time required for the erection of buildings, and a reasonable time thereafter), or by having articles loaded or unloaded, railroad cars, locomo-

tives in the streets, and shall fail to remove said obstructions in a reasonable time, shall be guilty of a misdemeanor." The plea then alleges, that the offense was for building a wooden fence just before the time when, etc., by the plaintiff over and across the street mentioned in the warrant, which the defendant Canty, as city marshal, had in his hands to execute, and that he, as such marshal, gently laid his hands upon the plaintiff, to take her by virtue of this warrant, and did then and there take the plaintiff before the city judge, who issued the warrant, with the assistance of Bowman, as ordered to do by the city marshal, using no more force than was necessary, etc.

A demurrer was sustained to this plea, and which is the error assigned.

The demurrer was well taken. The plea was not good. The ordinance as set out in it, simply declares obstructing a street a misdemeanor, without declaring a penalty, or giving the city judge jurisdiction of the offense. This court cannot know from this plea, that the city was entitled to recover a fine, or impose a penalty for this offense, or to issue process of any kind for the offense.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*