Kerwich *vs.* Steelman.

---

HENRY KERWICH, plaintiff in error, *vs.* JAMES H. STEELMAN, defendant in error.

Where upon the trial of an action of trespass *vi et armis*, the plea of the general issue was filed, and, after the case had been submitted to the jury, the Judge charged them that matters of justification could not be considered under the plea of not guilty filed, and the jury found for the plaintiff, and the bill of exceptions assigns error, upon the Judge's charge in the premises, but fails to set out the whole charge, or allege that the charge given was wrong :

*Held,* That this Court will presume the Court below charged the jury upon the law applied to the facts of the case, and not being excepted to that such charge was correct.

*Held again,* That it was error in the Court to have charged the jury that they could not consider the fact of justification under the plea of the general issue. By the Code, section 3406, and the rulings of this Court in 9 Georgia Reports, 297, and 12 Georgia Reports, 463, such facts of justification must have been specially pleaded.

Presumptions. Trespass *vi et armis.* Justification. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

The facts are in the opinion.

JOHN MILLEDGE, JR.; M. J. CLARK, for plaintiff in error. Under general issue matters of justification being part of *res gestæ*, are admissible in mitigation of damages: 2d Gr. Ev., 93. If admissible only under special plea, the failure to object when they were offered without special plea waives the difficulty. Objections to evidence not insisted on waived: 27th Ga. R., 125, 131; 22d, 24, 26, 340; 20th, 125, 140. The jury may consider all the evidence before them: 25th Ga. R., 137, 159.

FARROW & THOMAS, for defendant. Matter amounting to justification of battery not admissible under general issue: 1st Hilliard on Torts, 192. Justification must be specially pleaded: 2d Gr. Ev., secs. 92, 98, 274; 12 Ga. R., 463; R. Code, sec. 3406; 9th Ga. R., 297.

LOCHRANE, Chief Justice.

1. This case comes before the Court on motion for a new trial upon the ground of error in the charge of the Judge.

The case originated in personal injuries done by Kerwich to one James H. Steelman, for which an action of *vi et armis* was instituted. The defendant pleaded the general issue, and the case was submitted to the jury. The evidence of the transaction was admitted, and the whole case, upon the proof, was presented to the jury. The error complained of is upon the charge of the Judge on the question of justification. The Judge said: " The Court instructs you the matter of justification cannot be considered in this case by you; the plea is that of not guilty, and the question is whether defendant inflicted the injuries. You will look," etc. The jury found for the plaintiff $132 00 damages. The bill of exceptions does not allege that the charge excepted to was the entire charge given to the jury, but is that which was given upon the subject of justification. We therefore hold that the

case, upon the evidence, was properly given to the jury, with legal instructions by the Court, and the doctrine of provocation and its effect on the mitigation of damages fairly presented. This is the legal effect arising out of the bill of exceptions in this case.

Now, upon the question assigned as error, did the Court commit error in charging the jury that they could not find justification of the act? Under the plea of the general issue, under section 3406 of the Code, we think the Court was right in the charge given. "No other evidence is admissible under the plea of general issue, except such as disproves the plaintiff's cause of action." The rule of the Court in this case in admitting the evidence presented by the record was liberal, and we suppose was induced by the fact that there was no objection to it. Matters of justification ought to have been specially pleaded if relied on. 9 *Georgia Reports*, 297, and 12 *Georgia Reports*, 463. Such facts cannot be given in evidence under the plea of general issue. Again, under the facts in this case, in our opinion, the evidence was insufficient to have sustained the plea of justification. The party was upon the premises of the defendant rightfully; he was in his employment, and when assailed by him could not be held to be a trespasser. Besides the blow inflicted was a severe one; the testimony shows it to have been a heavy blow by the consequences it produced, and we do not think that the general doctrine of a man's right to the peaceful and exclusive use of his own house, and his legal privileges to remove all intruders therefrom and to use the proper and necessary force when necessary, applies to the case at bar. The plaintiff was the servant of the defendant, and, upon his premises, was accused by him with stealing. This accusation ended in the denial by the party, and assertion of his ability to prove his character by some of the best white people in Atlanta. He failed to stop talking when ordered, and was struck over the head with a stick, which caused blood to flow from his ear and nose for some days af-

terwards.   The blow was, we presume, for the humanity of the party, inflicted during a fit of passion.   But we cannot conclude that it was justified by the facts presented by this record.   And, inasmuch as there was no error in the charge of the Court upon the fact of justification, it not having been pleaded, we affirm the judgment of the Court below.