Atkinson, Respondent, vs. Harran, Appellant.

*March 1 — March 22, 1887.*

*Assault and battery: Pleading: Justification: Special damages.*

1. Justification for an assault and battery should be specially pleaded.
2. In an action for an assault and battery, although special damages are not alleged, yet, if evidence thereof was admitted without objection it may be considered by the jury, and the complaint may be considered as amended accordingly.

APPEAL from the Circuit Court for *Kewaunee* County. The case is stated in the opinion.

For the appellant there was a brief by *Hudd & Wigman*,

and oral argument by *Mr. Wigman.* They contended, *inter alia,* that the defendant was entitled to have the defense of his personal property considered by the jury. 2 Addison on Torts, 693; 1 Hilliard on Torts, 204–6; Cooley on Torts, 167; 3 Bl. Comm. 120; *Ayres v. Birtch,* 35 Mich. 501; *Abt v. Burgheim,* 80 Ill. 92; *Green v. Goddard,* 2 Salk. 641; *Gates v. Lounsbury,* 20 Johns. 427. The rightful owner of personal property cannot retake it from a wrong-doer by force, and the latter may justify a battery in defense of his possession. *Barnes v. Martin,* 15 Wis. 240; *Huppert v. Morrison,* 27 id. 365; *Andre v. Johnson,* 6 Blackf. 375.

For the respondent there was a brief by *John C. & A. C. Neville,* and oral argument by *Mr. A. C. Neville.*

TAYLOR, J. This is an action to recover damages for an assault and battery alleged to have been committed by the appellant upon the respondent. The pleadings were the complaint and an answer simply denying the allegations of the complaint. The action was commenced in a justice's court. A judgment was rendered in favor of the plaintiff in such court; and upon an appeal by the defendant to the circuit court, upon a new trial in that court, a judgment was again rendered against the defendant in favor of the plaintiff, and from that judgment an appeal was taken by the defendant to this court.

The only errors assigned by the appellant are: "(1) That the court erred in charging the jury that no justification was shown, or was attempted to be shown, by the defendant, and that the only question for their determination was the amount of damage the plaintiff had sustained. (2) That the court erred in charging the jury that the plaintiff was entitled to recover for injuries to his clothing as an element of damages."

As to the first error assigned, the evidence conclusively shows that the defendant assaulted the plaintiff, knocked

him down, and inflicted considerable injury upon the person of the plaintiff. The defendant himself admits that he struck the plaintiff before he was assaulted by him in any way. But he claims he assaulted and struck plaintiff in order to prevent him from taking from his possession two steers which defendant then owned and had in his actual possession, and for that reason he was justified in assaulting the plaintiff. We think the appellant's evidence wholly fails to show that at the time he struck the respondent it was necessary to do so in order to protect himself in the possession of said steers; and in the second place, by his answer he had not set up any justification for his assault upon the plaintff, and was not, therefore, entitled to have such justification presented to the jury as a defense to the action of the plaintiff.

The appellant insists, however, that if, under his answer, he would not have the right to give evidence to justify his assault upon the plaintiff, still the evidence which he now claims was a justification, or which at least tended to prove a justification, was given on the trial and received without objection; and that he was entitled, therefore, to the same benefit of it as though he had set up a justification in his answer. Admitting the correctness of this claim made on the part of the learned counsel for the appellant, we are of the opinion that the learned circuit judge was right in holding that the evidence on the part of the defendant did not show any justification for the assault. Nor was it of such a character as to make it incumbent upon the court to submit the question of justification to the jury. Taking all the evidence in the case, it shows a violent and wholly unjustifiable assault upon the plaintiff by the defendant, without any pretense of necessity on his part to make it in defense of his property.

As to the second alleged error, it is true that in his complaint the plaintiff does not set out, as an item of damage,

that his clothes were injured or destroyed by the assault of the defendant; but the evidence was admitted without objection, and it was not error to instruct the jury to take into consideration, in fixing the amount of plaintiff's damages, the injury done to his clothing. The evidence was before the jury without objection, and the complaint may be considered as amended so as to cover the claim for injury to plaintiff's clothing.

*By the Court.*— The judgment of the circuit court is affirmed.