A. J. HARDIN ET AL. v. R. J. HODGES.

Decided June 20, 1903.

1.—Assault—Damages—Pleading in Civil Action—Charge.

A civil action for damages for assault and battery is not governed by the rules of pleading which would apply in a criminal prosecution. In such a civil action matters in justification can not be given in evidence under the general issue, but they must be specially pleaded. Note a requested charge held, under this rule, properly refused.

2.—Same—Mitigation of Damages—Evidence.

In the absence of such special plea of justification evidence on that point may be admitted and considered in mitigation of exemplary damages, but even though admitted without objection, it can not be considered in justification.

3.—Practice—Charge of Court.

A charge of the court, even though erroneous, if invited by a requested charge in substantially the same terms, is not reversible error.

4.—Same—Weight of Evidence.

Note the opinion for a charge of the court held not obnoxious to the objection that is on the weight of evidence.

5.—Practice on Appeal—Conflict of Evidence.

The appellate court will not interfere with the verdict of a jury predicated upon conflicting evidence, the supporting evidence being sufficient to sustain it.

Appeal from the District Court of Stephens. Tried below before Hon. N. R. Lindsey.

*D. G. Hunt* and *J. D. Hopson,* for appellants.

*W. P. Sebastian* and *Crudgington & Penix,* for appellee.

SPEER, ASSOCIATE JUSTICE.—R. J. Hodges sued A. J. and Pierce Hardin, father and son, for $3000 actual and $2500 exemplary damages growing out of an assault and battery inflicted upon him, alleged to have been committed by said defendants, acting in conjunction with one Hub Hardin, a minor son of A. J. Hardin.

The defendants answered by general denial, plea of not guilty, and pleaded specially that if plaintiff was assaulted by them that said assault was made in the necessary self-defense of their lives and persons against the previous assaults of the plaintiff, and that the defendants used no more force than was reasonably necessary in defense of their persons and for the protection of their property.

There was a verdict and judgment in favor of Hodges for $995, and the Hardins have appealed.

The first assignment of error challenges the action of the court in refusing the following special charge requested by appellants, to wit: "In this case the plaintiff alleges that he was damaged by means of the defendants A. J. and Pierce Hardin, acting together with Hub Hardin, in committing an assault upon his person. You are instructed that Hub Hardin is not a party defendant to this suit, and should you find

from the evidence that the plaintiff and Hub Hardin became involved in a difficulty, and that A. J. Hardin interfered in said difficulty for the purpose of protecting his minor son, Hub Hardin, and that the plaintiff then assaulted A. J. Hardin with a knife, the same being an instrument reasonably calculated to inflict death or serious bodily injury, and if you further believe from the evidence that Pierce Hardin, seeing his father so assaulted, if he was so assaulted, and that it reasonably appeared to Pierce Hardin that his father was in danger of losing his life, or having serious bodily injury inflicted upon his person, and that he then threw at and struck the plaintiff for the purpose of preventing plaintiff from inflicting serious bodily injury on his father, and if you further find from the evidence that the plaintiff made an assault on Pierce Hardin with a knife, the same being an instrument from the way and manner of its use reasonably calculated to produce death or serious bodily injury, and it reasonably appeared to A. J. Hardin that Pierce Hardin was then in danger of losing his life or having serious bodily injury inflicted upon his person, and that he threw at and struck plaintiff for the purpose of preventing the plaintiff from inflicting serious bodily injury upon his son, Pierce Hardin, you will find for the defendants."

It is a sufficient objection to this charge that it submits a defense not pleaded by the appellants. The interference for the protection of the minor, Hub Hardin, from the assaults of appellee was not pleaded as a justification of the assault upon appellee. The rules of pleading in civil and not criminal cases apply to this character of case (Shapiro v. Michelson, 19 Texas Civ. App., 615), and the general, if not universal, rule is that matters in justification can not be given in evidence under the general issue, but that the acts relied upon as a justification must be specially pleaded, whether son assault demense, mollitur manus imposuit or other similar plea. McGehee v. Shafer, 9 Texas, 20; Isley v. Huber, 45 Ind., 421; Schreder v. Ehlers, 31 N. J. L., 44; Likes v. Van Dike, 17 Ohio, 454; Hathaway v. Rice, 19 Vt., 102; Bowman v. St. John, 43 Ill., 337; Lunsford v. Walker, 93 Ala., 36, 8 So. Rep., 386; Kerwich v. Steelman, 44 Ga., 197; Illinois Steel Company v. Rorak, 184 Ill., 501, 56 N. E. Rep., 966; Norris v. Casel, 90 Ind., 143; Wilken v. Exterkamp, 42 S. W. Rep., 1140; Atkinson v. Harran, 68 Wis., 405, 32 N. W. Rep., 756; Hathaway v. Hatchard, 160 Mass., 296, 35 N. E. Rep., 867. In the absence of such plea the evidence may be admitted and considered in mitigation of exemplary damages (McGehee v. Shafer, 9 Texas, 20; Shook v. Peters, 59 Texas, 393; Ratteree v. Chapman, 79 Ga., 574, 4 S. E. Rep., 634; Martin v. Minor, 50 Miss., 42; Davis v. Frank, 33 Grat., 413), but can not be considered as a justification even though admitted without objection. Norris v. Casel, supra.

Here the justification relied upon, which is in the nature of a plea in confession and avoidance, is that the assault and battery occurred

in the reasonable and necessary defense of the persons and property of the defendants. The court would not have been warranted in submitting the special charge under consideration and thereby have instructed a verdict for defendants if they were justified upon a different ground. The avoidance must be upon the ground contained in the confession.

The fifth and eleventh assignments complaining of a paragraph of the court's charge, presenting the issue of abridged right of self-defense, must be overruled because the error, if one at all, was invited, appellants having requested a special charge in almost the identical language.

The twelfth assignment is overruled because the language of the charge complained of consisted merely of a recitation of the contention of the parties.

We do not think it was upon the weight of the evidence for the court to instruct the jury "that if you find from the evidence that plaintiff was about to cut a ditch along the public road in front of the gin owned by the defendants at the time of said assault, if any, such action on the part of plaintiff will not excuse or justify defendants for the legal consequences of said assault, if any."

Justification upon this score was not an issue in the pleadings, nor could it have been, and the testimony could not therefore have been considered upon such issue. So that whatever other objection may have been tenable, the assignment that the charge is upon the weight of the evidence can not be sustained.

The only remaining assignment complains that "the verdict is contrary to the evidence in that it was shown by a great number of disinterested parties who testified on the trial of the case, that the plaintiff by his acts and conduct brought about the difficulty—that neither of the defendants to the suit provoked the difficulty with the plaintiff, nor did either assault the plaintiff, except for the purpose of protecting themselves from his unlawful attack."

It is doubtful if the matter here complained of was brought to the trial court's attention in the motion for new trial, but we nevertheless have considered it and overruled the assignment. The evidence conflicted, and while much of the testimony tended to show that the assault upon appellee was in the necessary self-defense of the appellants, we think there is sufficient evidence in the record to support the verdict of the jury. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.