YESKA, Appellant, vs. SWENDRZYNSKI and others, Respondents.

*November 5—November 26, 1907.*

*Assault and battery: Pleading: General denial: Admissibility of evidence of justification: Res gestæ: Judicial admissions: Conclusiveness: Explanation: Evidence: Parts of conversation.*

1. In a civil action for assault and battery evidence of justification is not admissible under a mere general denial.
2. In a civil action for assault and battery, where the answer was a mere general denial, it is error to instruct the jury that the assault, conceded to have been made by one of the defendants and of which there was some evidence as to the others, might be justified and a verdict for the defendants found in case the plaintiff committed the first assault and the defendants acted in self-defense.
3. In such case a verdict in favor of all the defendants is *held* due to such error and to require a reversal.
4. In an action for assault and battery the whole conduct of the parties is open to description and proof by eye-witnesses, and the mere admission of such evidence does not in itself constitute error.
5. In a civil action for assault and battery, where evidence was introduced of a criminal prosecution for the same assault in which defendants had pleaded guilty, it is not error to allow defendants to give explanation as to their reasons for such plea, consisting in pressure of farm work and expense of repeated journeys to the place of trial.
6. A conviction of an assault and battery, together with the plea of guilty on which it was rendered, is evidence in a civil action against the defendant on the theory of an admission, and should be given weight according to the circumstances. Being an admission *in pais*, it may be explained, as well as the circumstances under which it was made, in order to throw light upon the force which should be given it.

7. Where part of a conversation has been given in evidence it is
error to refuse the opposite party opportunity to prove the
other part, so far as relevant.

APPEAL from a judgment of the circuit court for Waushara
county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action for assault and battery alleged to have been com-
mitted by the three defendants jointly. They answered sep-
arately by mere general denial. The evidence disclosed, sub-
stantially without dispute, a severe beating of plaintiff by de-
fendant *Swendrzynski*, and there was some evidence of an
attack by each of the other defendants. There was also
some attempt to prove a previous agreement amongst the three
defendants to assault plaintiff. Evidence was admitted tend-
ing to show a first assault by plaintiff, and the court submitted
the case upon the theory that such first assault might consti-
tute a defense and the jury might consider whether the de-
fendants acted in self-defense. A general verdict for the
defendants was found and judgment in their favor rendered,
from which the plaintiff appeals.

For the appellant there was a brief by *Buchanan Johnson*
and *Walter D. Corrigan,* and oral argument by *Mr. Corrigan.*

For the respondents there was a brief by *Edward F. Kileen*
and *Park & Carpenter,* and oral argument by *B. B. Park.*

DODGE, J. Obvious error was committed in charging the
jury that the assault conceded to have been made by one of the
defendants, and of which there was some evidence as to the
others, might be justified and a verdict for the defendants
found in case the plaintiff committed the first assault and the
defendants acted in self-defense. Respondents' counsel sub-
stantially concede that such justification and defense was not
admissible under mere general denial, and such is the law as
settled by the authorities. *Levi v. Brooks,* 121 Mass. 501;
*Cooper v. McKenna,* 124 Mass. 284; *Barr v. Post,* 56 Neb.
698, 77 N. W. 123; *Atkinson v. Harran,* 68 Wis. 405, 407,

32 N. W. 756; 3 Cyc. 1084; 2 Ency. Pl. & Pr. 862. We cannot doubt that the verdict in favor of all of the defendants may well have been due to this error. Hence no course is open to us but to reverse the judgment and order a new trial.

Certain other assignments of error are urged which present questions at least possible of recurrence upon another trial, and while our conclusion upon them may not affect the result of this appeal they should be briefly considered. The first of these is the admission of the testimony of witnesses as to conduct of the plaintiff and defendants at and shortly prior to the assault, objected to as an attempt to prove justification not admissible under the answer. While, as already stated, proof of justification was not admissible, yet there is no rule upon which any of the acts and conduct of the parties in the transactions described by the plaintiff's witnesses could be excluded. Their whole conduct must be open to description and proof by the eye-witnesses, and the mere admission of such evidence therefore could not in itself constitute error. Further, most of the protested evidence as to the conduct of the parties might well have been relevant to the question of the damages recoverable and much of it to the plaintiff's contention that a conspiracy existed among the defendants to commit the assault.

Plaintiff had proved that the three defendants had been prosecuted for this same assault and had all pleaded guilty. Error is assigned upon allowing the defendants to give explanation as to their reasons for such plea, consisting in pressure of farm work and expense of repeated journeys to the place of trial. In this we can discover no error. The conviction, together with the plea of guilty on which rendered, was admissible against them on the theory of an admission on their part of the guilt of assault, and, like all other admissions, should be given weight according to the circumstances. It is always competent to explain admissions *in pais* and the circumstances under which they are made in order to throw

light upon the force which should be given to them. 2 Wigmore, Ev. §§ 1044, 1058. Apparently appellant was refused opportunity to prove the rest of a conversation of which defendants had proved part. This he should of course have been allowed to do so far as relevant. *Smith v. Milwaukee E. R. & L. Co.* 127 Wis. 253, 106 N. W. 829; *Earley v. Winn,* 129 Wis. 291, 306, 109 N. W. 633.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.