[No. 7768. Department Two. November 26, 1909.]

MARY F. NEILSEN, *Respondent*, v. H. O. HOVANDER *et al.,*
*Appellants.*[1]

ASSAULT AND BATTERY—CIVIL LIABILITY—JURISDICTION—PROOF. A
violent assault and battery is not excused by showing that the diffi-
culty occurred at a public road which plaintiff had closed up and
fenced, and was in possession of at the ·time defendants attempted
to use it.

SAME—ISSUES AND PROOF—JUSTIFICATION. In an action for dam-
ages for assault and battery, justification by reason of preventing
the defendants from using a public road cannot be shown under a
general denial.

PLEADINGS—AMENDMENTS AT TRIAL—TERMS—COSTS—DISCRETION.
It is discretionary, on a claim of surprise and inability to proceed
with the trial, to refuse leave to amend an answer bringing in a
new issue, unless defendants pay all costs, including witness and
jury fees that have been paid.

DAMAGES—EXCESSIVE VERDICT—ASSAULT. A verdict in favor of
a woman for $1,000 for an assault and battery, reduced by the trial
court to $750, will not be held excessive on appeal, where it appears
that the assault was unprovoked and she was seriously injured, and
that it was accompanied by scandalous language tending to defame
and vilify her.

Appeal from a judgment of the superior court for What-
com county, Kellogg, J., entered June 16, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, for dam-
ages for assault and battery, after a trial on the merits.
Affirmed.

*Liddy & Lewis* (*Hardin & Hurlburt*, of counsel), for ap-
pellants.

*Fairchild & Bruce* and *T. D. J. Healy*, for respondent.

CROW, J.—Action by Mary F. Neilsen against H. O.
Hovander and Otis Hovander, to recover damages for assault
and battery. From a judgment in her favor, the defendants
have appealed.

[1]Reported in 105 Pac. 172.

Respondent alleged the assault and battery, insulting, profane, and defamatory language used by appellants, and her damages. The answer was a general denial. There was evidence that H. O. Hovander, father of Otis Hovander, owns two farms in Whatcom county, one located immediately west, and the other east of, land belonging to the respondent; that on the day of the assault, the appellants attempted to drive a two-horse team and wagon through respondent's gate and across her land; that she held the gate and forbade them entering; that one of them, with violence and force, opened the gate; and that the difficulty then occurred. The respondent testified that the appellants kicked and beat her; that they struck her with a leather strap; that they used insulting, profane, and defamatory language to her, which she repeated on the witness stand; that she was physically injured; that she was humiliated and chagrined, and that the appellants, with violence and force, did trespass upon and cross her land. In these statements, some of which are denied by appellants, the respondent is corroborated.

The appellants contend that the trial court erred, (1) in excluding competent and material evidence; (2) in failing to give requested instructions; (3) in refusing a new trial; and (4) in entering judgment for the respondent.

To show the existence of an alleged public road established by prescription over the respondent's land at the point where the difficulty occurred, the appellants offered evidence which was excluded by the trial court. They now contend that error was thereby committed, and that the existence or non-existence of the road was a material and important fact for the consideration of the jury. Assuming that appellant could have shown the alleged highway in fact existed, it was nevertheless undisputed that the respondent had fenced and inclosed it as her private property; that she was then, and had been for some time, in exclusive possession; that she had forbidden appellants trespassing thereon, and that they did so with force and violence. If the respondent did in fact

close or obstruct a legal highway and deprive the appellants of its use, her wrongful act, even though it created a public nuisance, did not excuse their acts in taking the law into their own hands, in making a violent assault, and in committing a breach of the peace, to open the road and abate the nuisance. Appellants, in effect, contend that, in presenting their defense, they were entitled to show the existence of the highway as justification. Their answer contained denials only. No facts or circumstances tending to show justification were pleaded by them.

On the trial they asked permission to amend their answer, by alleging:

"That at the point of the alleged difficulty there was an old public road or highway long in use and established by adverse user and prescription along and through the land of plaintiff as defendants verily believe and so state the facts to be."

The respondent objected to the proposed amendment, claiming surprise, and that she was unprepared to meet the same for want of witnesses. Thereupon the trial judge said:

"The plaintiff in this case would be entitled, if this amendment should be allowed, on their statement (her attorneys) that they would be unprepared to meet the issues as framed, to an allowance of this amendment only on terms. The terms would be, and could not be other than the payment by the defendants of the entire costs of this proceeding up until this time, including witness fees and jury fees that have been paid, on the statement of plaintiff's counsel that they could not proceed further to trial at this time."

To this ruling the appellants excepted. They declined to accept or comply with the terms imposed. The ruling of the trial judge was without error, being a proper exercise of his discretion. The appellants having failed to accept or comply with the terms offered, are in no position to now contend that evidence offered to show the existence of a highway was erroneously excluded.

Other assignments of error are predicated upon the re-

fusal of the trial court to admit evidence of advice of the
county attorney given appellants concerning the highway,
and also upon the refusal of the trial judge to give certain
requested instructions. These contentions are without merit,
as in their final analysis they involve the same question that
was presented by the exclusion of evidence to show the exist-
ence of a county road. The respondent had enclosed the
land. It had been fenced for some time. She was in peace-
able and exclusive possession. There was evidence tending to
show a violent and inexcusable assault upon her by the ap-
pellants. The pleadings presented no issue as to the existence
of a highway, none being alleged, mentioned, or suggested
therein, nor did the appellants affirmatively plead any fact
in justification.

"Under a mere general denial, the defendant cannot in-
troduce evidence tending to prove justification of the as-
sault." 2 Ency. Plead. & Prac., 862.

"Matter of justification cannot be given in evidence under
the general issue, but must be pleaded specially, and so fully
as to admit proof which will have the effect of exonerating
defendant." 3 Cyc. 1084.

See, also, *Yeska v. Swendrzynski*, 133 Wis. 475, 113 N. W.
959; *Harden v. Hodges*, 33 Tex. Civ. App. 155, 76 S. W.
217.

The appellants further contend that the court erred in
refusing a new trial on account of excessive damages awarded
under the influence of passion and prejudice. The verdict
was for $1,000. The motion for a new trial was denied on
condition that $250 of this amount be remitted, which was
done. The appellants, however, contend that $750, for which
final judgment was entered, is still excessive. There was
sufficient evidence to show that respondent was seriously in-
jured; that the assault was unprovoked, violent, and vicious;
and that it was accompanied by language of a scandalous
and profane character used by appellants, which tended to
defame and vilify her. In view of all the circumstances and

the action of the trial judge, we cannot conclude that we should hold the damages awarded are still excessive.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.