[No. 2344]

## CATHRYN L. WRIGHT, APPELLANT, *v.* C. T. STARR, RESPONDENT.

[179 Pac. 877]

1. ASSAULT AND BATTERY—RECOVERY OF DAMAGES—PRECLUDED BY CONSENT TO ASSAULT.

   A recovery of damages may not be had in a civil action for ordinary assault and battery by one who has consented to or participated in the acts causing the injury.

2. ASSAULT AND BATTERY — CIVIL ACTION — LACK OF CONSENT — PLEADING.

   Lack of consent being an essential element of a civil action for damages for assault and battery, it is unnecessary that defendant affirmatively plead consent in justification of the acts charged in the complaint and denied in the answer.

3. APPEAL AND ERROR—HARMLESS ERROR—CROSS-EXAMINATION.

   In civil action for assault and battery, exclusion, on cross-examination of defendant, of question as to statement made by him, *held* cured by admission of testimony of one who heard the statement.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Cathryn L. Wright against C. T. Starr. Verdict for defendant. From order denying a motion for new trial, plaintiff appeals. **Order affirmed.**

*H. V. Morehouse* and *James T. Boyd,* for Appellant:

The instruction of the court as to consent being a defense or justification of an assault and battery was error. McNeil v. Mullin, 79 Pac. 168. "The fighting being unlawful, the consent of the plaintiff to fight, if proved, would be no bar to his action. Bell v. Hansley, 3 Jones, 131; Morris v. Miller, 131 Am. St. Rep. 636; Adams v. Waggoner, 5 Am. St. Rep. 230; Willey v. Carpenter, 15 L. R. A. 853; Stout v. Wren, 9 Am. Dec. 653; Shay v. Thompson, 48 Am. St. Rep. 538.

The answer is only a denial; no justification is pleaded. The only issue before the court, therefore, was whether or not defendant assaulted, beat, and bruised the plaintiff. "Under a general denial, the defendant cannot introduce evidence tending to prove a justification of the assault." Ency. Pl. & Pr., vol. 2, p. 862. "Under a mere

general denial, the defendant cannot introduce evidence to prove a justification of the assault." Konigsberger v. Harvey, 7 Pac. 114; Neilsen v. Hovander, 105 Pac. 172; 3 Cyc. 1084; Hathaway v. Hatchard, 35 N. E. 857; Blake v. Damon, 103 Mass. 199; Boles v. Pinkerton, 7 Dana, 453; Allen v. Bear Creek, 115 Pac. 673; Harris v. O. S. L. Co., 117 Pac. 700; Burger v. T. M. Co., 120 Pac. 519. "A defense not pleaded cannot be made the basis of a decree." Pac. Ry. Co. v. Astoria, 99 Pac. 1044.

The court erred in sustaining the objection of the defendant to the question asked defendant on cross-examination. "It is the absolute right of a cross-examining party to lay a foundation for impeaching a witness, by interrogating him as to whether or not he had made contrary declarations on a former occasion, and the exclusion of questions for this purpose is error for which a new trial will be granted." Thompson on Trials, vol. 1, sec. 490; State v. Pemberton, 104 Pac. 556; McFarlain v. State, 41 Tex. 23; Pruett v. Brockman, 46 Ind. 56; Larkin v. Saltair B. Co., 83 Pac. 686; Denver R. R. Co. v. Mitchell, 94 Pac. 289; Reno Mill Co. v. Westerfield, 26 Nev. 332; People v. Howard, 76 Pac. 1116; Schneider v. Market St. R. Co., 66 Pac. 734. "It is permissible to attack the credibility of a witness by showing that at other times and places he has made statements which are inconsistent with or contradictory to the testimony which he has given." 40 Cyc. 2687.

*Hoyt, Gibbons, French & Henley,* for Respondent:

The contention of the appellant that consent is not a defense to an action of this kind is untenable. If the party alleging to have been wronged consented to the acts done and performed, there can be no invasion of the rights of that party, and no assault or battery can result. "In cases where life and limb are exposed to no serious injury in the common course of things, consent is a good defense to the action, provided there is no breach of the peace." 5 C. J. 629; Courtney v.

Clinton, 48 N. E. 799; Goldnamer v. O'Brien, 33 S. W. 831; O'Brien v. Cunard S. S. Co., 13 L. R. A. 329; Smith v. Simon, 37 N. W. 548; Gibeline v. Smith, 80 S. W. 961; Pillow v. Bushnell, 5 Barb. 156; State v. Pickett, 11 Nev. 255. "An assault implies force upon one side, and repulsion, or at least want of assault, on the other. An assault upon a consenting party would therefore be a legal absurdity." Wait, Act. & Def., sec. 11, p. 344.

The question of consent being affirmatively pleaded is directly involved in the foregoing, and the authorities cited are applicable. The consent upon which the defense of the defendant in this action is based is not pleaded as justification. The lack of consent to the perpetration of the acts alleged in the complaint is one of the essential elements of the cause of action of the plaintiff, and if there was consent on the part of the plaintiff to the commission of the acts alleged in the complaint, there was no assault.

If the court erred in sustaining the objection of defendant to the question asked defendant upon cross-examination, plaintiff was not damaged thereby.

By the Court, DUCKER, J.:

This is an action for damages alleged to be the result of an assault and battery. The complaint, in substance, alleges that respondent assaulted appellant by grabbing and pressing her throat and neck with his hands, and by grabbing and taking hold of her left wrist, and pressing her wrist watch into the flesh, and by grabbing and twisting her right hand, and by tearing her clothes from her person, by all of which she was hurt, wounded, and bruised, and caused physical suffering, etc. All these allegations are denied in the answer.

The alleged assault occurred in a room occupied by the appellant, at which respondent, who is a dentist by profession, had called. Appellant's testimony tended to establish the allegations of the complaint. Respondent contradicted her testimony in this regard, and testified that he merely kissed her with her consent. He also

stated that he sought to kiss her good-bye, at which she demurred and he desisted.

The verdict of the jury was in favor of respondent, and from the order denying a motion for a new trial, appellant brings this appeal.

Error is assigned in giving the following instruction to the jury:

"The gist of this action is the commission of the acts alleged and lack of consent thereto by the plaintiff, and you are instructed that, if you believe from the evidence that plaintiff consented to or was willing that defendant do the acts alleged in the complaint to have been committed by him, then your verdict should be for the defendant. If the plaintiff consented to or acquiesced in such acts, or if she was willing that defendant do them, then she is not entitled to recover damages from defendant."

1. One of the objections to the instruction is that consent of the party assailed is no defense in an action for assault and battery. In a criminal prosecution for assault and battery, consent to a beating is no defense; the reason being that a wrong is committed against the public peace. The state punishes a person for fighting.

"There are three parties here; one being the state, which, for its own good, does not suffer the others to deal on a basis of contract with the public peace. The rule is therefore clear and unquestionable that consent to an assault is no justification." Cooley on Torts.

The learned author extends this rule to civil actions upon the ground that a consent which the law forbids cannot be accepted as a legal protection. This doctrine is the basis of the authorities cited by appellant to sustain her contention and of others we have examined, in which the same contention is sustained.

On the other hand, the author, in Bishop, Non-Cont. Law, par. 196, says that—

"Rape, one of the most aggravated batteries, is, if the woman consents, neither rape nor even an assault," and that "the execution of any unlawful contract places

it past annulment, and leaves no right of action in either party against the other. So that, though a mutual beating by consenting parties is wrong against the public, because a breach of the peace, it is not such as between themselves, since neither can complain of that to which he has consented. Such is the distinct and inevitable deduction of the reasoning of the law; applicable, however, in all its consequences, only where the beating was not in excess of the consent. But we have American cases in which the judges have overlooked the distinction between the civil and criminal remedy, and so have held that one may maintain his civil suit for a battery to which he consented and in which he participated. Decisions like these, proceeding on a misapprehension, and overlooking established law not brought to the notice of the judges, should not be followed in future cases."

We think the true rule is stated by the learned author last quoted. To permit a recovery of damages in a civil action for an assault, by one who has consented to or participated in the acts causing the injury, is to countenance a principle that one may profit by his own wrong—a theory obnoxious to both law and equity. It is a general rule of law that no person can maintain an action for a wrong where he has consented to the act which occasions his loss (Broom's Leg. Max. 268; Wait, Act. & Def. 344), and we perceive no real reason why a civil action for damages in an ordinary case of assault and battery is an exception to the rule.

"If the defendant is guilty of no wrong against the plaintiff, except a wrong invited and procured by the plaintiff for the purpose of making it the foundation of an action, it would be most unjust that the procurer of the wrongful act should be permitted to profit by it." 1 Jaggard on Torts, 199.

The state is not interested in damage suits for assault and battery, except in so far as its laws intend equal justice to all. As it is wrong to make an assault, it is equally wrong to consent to it. Neither the party who is injured, and who seeks to make a mutual wrong the

basis of an action, nor his coviolator of the law, can derive aid from the state by reason of their unlawful encounter. Both are punishable, for their consent, illegally given, violates the criminal law, and in this the state is an interested party. The contention that one may maintain an action for damages for an assault to which consent is given furnishes an anomaly which cannot be justified by reason or sound authority. Let us apply it to the case at bar. If appellant's version of the acts complained of is correct, what was the purpose of the assault? Clearly a rape—one of the most aggravated batteries. But if she had consented to such an intention she would have no redress, either civilly or in a criminal action. Yet for the minor degree of the assault, even though consent were given, if her contention is allowed, respondent is liable to a criminal prosecution and a civil action for damages.

We do not wish to be understood as holding that damages may not be recovered for injuries inflicted in an assault and battery, where the beating is excessively disproportionate to the consent, given or implied, or where the party injured is exposed to loss of life or great bodily harm. No such case is before us. But we do hold that, in an ordinary assault and battery in the common course of things, consent precludes a right of action for injuries received. Bishop, Non-Cont. Law, par. 196; Pillow v. Bushnell, 5 Barb. (N. Y.) 156; Christopherson v. Bare, 63 Eng. Com. L. Rep. 477; Hegarty v. Shine, 14 Ir. C. C. L. 145; O'Brien v. Cunard Steamship Co., 154 Mass. 272, 28 N. E. 266, 13 L. R. A. 329; Goldnamer v. Sallie O'Brien, 98 Ky. 569, 33 S. W. 831, 36 L. R. A. 715, 56 Am. St. Rep. 378; Nicholls v. Colwell, 113 Ill. App. 219.

2. It is contended that the instruction is erroneous because no issue is made by the pleadings on the question of consent. The answer consisting of denials only, appellant insists that, because consent is not affirmatively pleaded as a justification, it is not available as a defense.

Lack of consent is an essential element of the offense of assault and battery. It is true the law punishes for an assault in a criminal action, even if consent is given the assailant; but this is because consent to a battery is illegal as against the state, on account of the breach of public peace involved. One is forbidden to consent to an assault, but lack of consent is no less an element of the offense.

"An assault implies force upon one side, and repulsion, or at least want of assent, upon the other. An assault upon a consenting party would therefore be a legal absurdity." Wait, Act. & Def. p. 344.

A battery is defined by Bishop to be—

"Any unlawful beating, or other wrongful physical violence or constraint, inflicted upon a human being without his consent."

This court, in the case of State v. Pickett, 11 Nev. 255, 21 Am. Rep. 754, distinctly recognized that lack of consent is an essential ingredient of an assault. Holding that there is no such crime as assault with intent to commit rape upon a consenting female, the court in its discussion said:

"An assault is a necessary ingredient of every rape, or attempted rape. But it is not a necessary ingredient of the crime of carnally knowing a child under the age of 12 years, with or without her consent. * * * It is obvious that here are two crimes differing essentially in their nature, though called by the same name. To one force and resistance are essential ingredients, while to the other they are not essential; they may be present or absent without affecting the criminality of the fact of carnal knowledge. As an assault implies force and resistance, the crime last defined may be committed, or at least attempted, without an assault, if there is actual consent on the part of the female."

As want of consent is a necessary element of an assault, when considered from the standpoint of criminality, it, of course, follows that, when the acts constituting the assault are made the basis of a civil action, lack of consent to their commission is an essential

element in the cause of action. Under this view it was unnecessary to affirmatively plead consent in justification of the acts charged in the complaint, which were denied in the answer.

In support of their contention that consent, to be available as a defense in an action of this kind, must be affirmatively pleaded, counsel for appellant have cited a line of cases which are inapplicable to the case at bar. They hold generally that, where a party seeks.to justify the acts charged on the ground of self-defense, such defense must be specially pleaded; or, as in Neilsen v. Hovander, 56 Wash. 93, 105 Pac. 172, 21 Ann. Cas. 113, where, under a general denial, the defendants sought to justify the assault by proving that the person assaulted was interfering with their going over a public highway. Consent to the commission of the acts alleged as an assault was not involved in any of these cases. The assault was admitted, and the defendant in each case attempted to show by new matter why the assault was not wrongful. In this case, if the respondent's version of the acts charged as assault and battery is true, and the jury, by returning a verdict in his favor, must have accepted his statement of the acts as true, then there was no assault because the appellant consented to what was done. An essential element of the offense was lacking.

3. Error is assigned in the ruling of the court in sustaining defendant's objection to the following question propounded to the defendant, who was a witness in his own behalf:

"And saw plaintiff, and that you were in such a condition that you don't know what you did, but that you were very sorry that you had gone as far as you did, and that you would not have done what you did, had you been at yourself and not under the influence of liquor; that you drank, and when you did so lost your mind and your capacity to remember what you had done. Now, did you have any such conversation, and did you make any such statement to W. M. Gardiner and Mr. Judd?"

Appellant contends that the court committed reversible error in sustaining the objection to the question, for the reason that its purpose was to show an inconsistent statement on a material matter, made by respondent a few days after the alleged assault, and affecting his credibility as a witness.

The question to which the objection was taken and sustained, is incomplete; but, taken in connection with preceding questions in the record, it was in substance a question asked to elicit testimony to the effect that, several days after the alleged assault, at the office of William Gardiner, an attorney, in the presence of one Mr. Judd, the respondent made the statement that, when the acts complained of by appellant occurred, he was under the influence of liquor, and when in that condition he lost his mind and capacity to remember what he had done. The purpose of the question was also to lay the proper foundation for impeachment in case the assumed inconsistent statement was denied by respondent. By previous questions the attention of the witness had been properly called to the time and place of the statement and persons present. We think it sufficient to say that, if the ruling was error, it was subsequently cured by the admission of the testimony of Mr. Gardiner, who was called as a witness by appellant. Mr. Gardiner testified that respondent, in the presence of himself and Mr. Judd on the occasion referred to in the question, stated that at the time of the alleged assault he did not know what he was doing. This was in substance the testimony which the question, asked of respondent on cross-examination and ruled against by the court, was designed to elicit. The impeaching testimony sought by appellant was thus received by the jury, and the credibility of the respondent as successfully attacked as though he had answered the question and denied the statement attributed to him.

The order of the district court denying the motion for a new trial is affirmed.