## City of San Antonio v. Sarah F. Ostrom.

Delivered April 27, 1898.

**1. Trespass to Try Title—Disclaimer—Easement—Burden of Proof.**

Where the answer of a city in an action of trespass to try title claimed only an easement in the lands for public highway purposes, and disclaimed title or any other interest therein, plaintiff was not required to show title in herself; and the burden was assumed by defendant to establish its claim to the easement.

**2. Charge of Court—Assuming Fact.**

A requested charge is properly refused where it so assumed a fact as would have tended to impress the jury that such fact.alone settled the material issue in favor of one of the parties.

**3. Same.**

A requested instruction is properly refused where it has already been substantially given in the court's charge.

**4. Same.**

Appellant can not complain of an error in a charge which was induced by a similar error in a charge asked by him.

**5. Practice—Admission of Evidence.**

The admission of declarations of a city engineer that a road was not monumented further than a certain point, some hundred yards short of plaintiff's property, in an action against the city to try title to land claimed by it to constitute part of a road, is not prejudicial error, where he testified to the same effect on the trial without objection.

Appeal from Bexar. Tried below before Hon. Robert B. Green.

*R. B. Minor,* for appellant.

*Edward Ostrom,* for appellee.

JAMES, Chief Justice.—Appellee by this action sought to recover of the city, in the form of trespass to try title, three original city lots in the city of San Antonio, as well as damages, and praying for an injunction to restrain the use of a portion of said lots as a highway. Plaintiff pleaded a fee simple title in herself as well as a title by virtue of the statutes of three, five, and ten years. The city pleaded not guilty and specially as follows:

"That defendant claims only a right of way over and embracing the land hereinafter described for the purposes of a public highway, together with the easements and incorporeal rights in said land usually incident to the public street and highway of a city, and that defendant claims said right of way easements and incorporeal rights only as the custodian thereof for the benefit of the public; that defendant lays no claim to the title in fee simple to said land, nor to any estate or interest therein other than as hereinbefore stated, and that defendant is not in possession of said land or any part thereof nor occupying the same, but merely has the custody of said right of way over said land and the easements and incorporeal rights aforesaid in said land for the benefit of the public. That the land embraced within said right of way is a strip of land twenty (20) varas

wide, extending across and being part of lots 12, 13, and 14 of range 1, in district 3, within the corporate limits of the city of San Antonio, in Bexar County, Texas, mentioned in plaintiff's petition, the central line of said strip of land being located as follows."

Trial before jury, and verdict for plaintiff for the land for certain damages.

The first matter presented by appellant as error is this portion of the charge: "The defendant does not dispute or contest the title of plaintiff to the lots described in her petition except in so far as it claims the right to a certain roadway over said lots as set out in its answer." The answer is, in our opinion, a clear disclaimer of title to any of the land, and specially confined the claim of defendant to the easement over the land substantially as stated in its answer, and the charge was for this reason correct.

We think it was useless for plaintiff to endeavor to show title in herself, and the burden, we think, was assumed by defendant to establish its claim to the easement by prescription, or by dedication, both of which it pleaded.

Plaintiff, however, exhibited title to the lots under deeds executed by the city in 1852, thus showing a common source of title to the land; and the property appearing as a part of a subdivision of the city's lands in 1852, we think that this fact in connection with the legislative recognition of the city's title to land within its ancient limits fairly evidenced title to the lots from the sovereignty. See Acts of 1837, p. 37; Dittmar v. Dignowity, 78 Texas, 27. From what is above stated, we conclude that the third, fourth, fifth, sixth, and sixteenth assignments show no error.

The charge referred to in the seventh assignment is not subject to the criticism urged against it. The same is true of the eighth. The court ruled correctly in refusing the charge mentioned in the ninth assignment, the latter clause of which assumed a fact, and would have tended to impress the jury that such fact alone settled the issue of prescription in favor of the city.

The charge given in respect to the measure of damages to the growing crop of plaintiff was in no material respect different from that asked, and which is the subject of the eleventh assignment. The same may be said of the refused charge referred to in the seventh assignment.

In reference to a fault claimed by the fifteenth assignment to exist in a charge, it will be found that the fault, if any, occurs in a charge asked by defendant, and which evidently led the court by following the same to frame the charge as given. For error so produced defendant has no right to complain. Railway v. Sein, 89 Texas, 63.

The thirteenth assignment complains that C. P. Matlack, a former city engineer of said city, had while he was city engineer told plaintiff that the rock quarry road (the road in question) that ran in the direction of her property was not monumented further than Captain Smith's, some hundred yards short of her property, and that there were no data in his office from which the road could be defined through any part of her

property, because such declarations were not competent testimony, and because said declarations or representations by said Matlack could not estop the defendant city or the public. The witness testifying to these declarations was Matlack himself. We are relieved of the necessity of passing on the questions raised on this assignment, and all benefit that defendant might possibly have had from the assignment is taken away by the fact that Matlack without any objection testified directly that the road was at that time thus not monumented, and that no such data existed in his office. This being his testimony, we do not see how the fact that he had told her of this could have prejudiced defendant. Appellee's motion for 10 per cent damages for delay is denied.

The judgment is affirmed.

*Affirmed.*