## JOCKUSCH, DAVISON & COMPANY v. O. T. LYON & SON ET AL.

### No. 1700. Decided May 29, 1907.

**1.—Supreme Court—Writ of Error—Ruling Settling Case—Estoppel.**

The ruling of the Court of Civil Appeals herein, holding defendants estopped, by their acceptance and retention of a deed of trust, from setting up the defense on which they relied, held to practically settle the case against them and to give the Supreme Court jurisdiction on their application for writ of error. (P. 598.)

**2.—Estoppel—Deed of Trust—Rescission.**

G., being indebted to J., D. & Co., made them, as security, a deed of trust to property covered by an incumbrance which they undertook to discharge, G. reserving the right also to convey the land to them, in settlement of his debt. When he afterwards attempted to exercise this right by sending them such deed, J., D. & Co. sought to rescind the transaction on account of misrepresentations made by G. as to the value of the property. Held that they were not estopped from such relief by failure to return or tender to G. the trust deed, never having received possession of the property, and having, in the trust deed, only a security, which their proceeding sought, not to enforce, but to cancel. (Pp. 598, 599.)

**3.—Evidence—Debtor—Financial Condition.**

On the issue as to the right to rescind a trust deed and contract made with a debtor four years before, an inquiry as to whether he had since acquired sufficient property to pay off the debt was irrelevant and prejudicial to such debtor. (P. 599.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

Guthrie appealed from the decision of the District Court upon issues arising between himself and his codefendants, Jockusch, Davison & Co., in a suit brought against them by Lyon & Son. The judgment being reversed and the cause remanded, Jockusch, Davison & Co. obtained writ of error on the ground that the ruling practically settled the case.

*A. P. McKinnon* and *B. Y. Cummings,* for plaintiffs in error.—Appellees had nothing to surrender and they had the right at any time when it was sought to enforce the fraudulent contract to rely upon the fraud to avoid it.

The evidence as to Guthrie's property became material as a circumstance by reason of his statement to appellees that these lots were all the property he owned. Bigelow on Fraud, 146; Sonnentheil v. Guaranty and Trust Co., 10 Texas Civ. App., 287; Stauffer v. Young, 39 Pa. St., 455; Zerbe v. Miller, 16 Pa. St., 488; Garrigues v. Harns, 17 Pa. St., 344.

*W. E. Spell, Morrow & Smithdeal,* and *Lewis & Phillips,* for defendant in error.—On motion to dismiss writ of error: Sanger Bros. v. Henderson, 85 Texas, 404; Galveston, H. & S. A. Ry. v. Masterson, 91 Texas, 384; Powell v. Texas & N. O. Ry., 89 Texas, 663; Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 409; 2 Pomeroy's Eq. Jur., secs. 964-5 (3d ed.),

The Court of Civil Appeals correctly held that the trial court erred in requiring this defendant in error, upon his cross examination by plaintiffs in error, to testify with respect to his financial condition at the date of the trial. 1 Elliott on Evidence, sec. 178; Harmon v. Harmon, 61 Me., 222; Small v. Smith, 87 Ind., 186; Hutchins v. Hutchins, 98 N. Y., 61; Harris v. Tyson, 64 Am. Dec., 661; Mayor of Jackson v. Pool, 19 S. W. Rep., 325; Bennett v. Beam, 34 Am. Rep., 422, 42 Mich., 346; Kellogg v. McCabe, 92 Texas, 201; Wood v. Carpenter, 66 S. W. Rep., 173.

The Court of Civil Appeals correctly decided that the trial court erred in submitting to the jury special charge number 1 of the plaintiffs in error, for the reason that the evidence did not warrant the submission of such charge. 2 Pomeroy's Equity, secs. 897, 916, 917; Hallwood, etc., Co. v. Berry, 80 S. W. Rep., 857. and cases cited; Precious Blood Soc. v. Elsythe, 50 S. W. Rep., 759; Landreth & Co. v. Schevenel, 52 S. W. Rep., 148; Crutchfield v. Stanfield, 2 Posey, U. C., 480; Watson v. Baker, 71 Texas, 749; Camp v. Dill, 27 Ala., 553, Storey's Eq. Jur., secs. 897, 964.

BROWN, ASSOCIATE JUSTICE.—On the 18th day of February, 1903, O. T. Lyon & Son instituted this suit in the District Court of Hill County against E. B. Guthrie and Jockusch, Davison & Company to recover upon a note for $275 given by E. B. Guthrie to I. N. Guthrie for part of the purchase money of certain lots in the city of Hillsboro; said note bore date April 1, 1895, due April 1, 1897, with interest from date at ten percent per annum; and to recover against Jockusch, Davison & Company the amount of the said note upon their assumption of the payment of it in a deed of trust by E. B. Guthrie to the said Jockusch, Davison & Company upon the same lots upon which the vendor's lien existed. It will not be necessary to take further notice of Lyon & Son in this case because it developed into a controversy between E. B. Guthrie and Jockusch, Davison & Company. For the purposes of this opinion we make the following statement of the pleading of the two defendants with reference to each other and of the evidence and

proceeding of the trial court and Court of Civil Appeals with regard to the issues raised between them: .

On September 17, 1903, Jockusch, Davison & Company filed an amended answer in the original suit of Lyon & Son, in which they set up that the acceptance of the deed of trust which was pleaded by the plaintiff in that suit and the assumption of the debt sued upon were procured through the fraudulent representations of E. B. Guthrie, making particular allegations with regard to the fraud charged against him. It was charged that he, the said Guthrie, was indebted to Jockusch, Davison & Company about $1,037.63 and that he represented to them that the lots were of more than sufficient value to pay the note and also the debt of the said Guthrie to Jockusch, Davison & Company; that these lots were all that Guthrie had, and by said false and fraudulent representations he induced them to accept the deed of trust with the following provisions embraced therein: "And it is distinctly understood and agreed (and this instrument is given and accepted upon the express condition) that if said note is not paid at the maturity thereof, that then and in that event, the said E. B. Guthrie may, if he so desire, convey the property hereinabove described to the said Jockusch, Davison & Company by his deed of conveyance and the said Jockusch, Davison & Company shall and will accept the said deed of conveyance in full satisfaction, payment and discharge of any and all sums of money due upon or by reason of the said note hereinafter described, and a bona fide tender of such conveyance by the said E. B. Guthrie at the maturity of said note or at any time thereafter shall operate as a discharge of all indebtedness by reason of said note, and it is further understood and agreed that the said Jockusch, Davison & Company, to whom said above described note is payable, in the event said land is conveyed to them, shall assume and pay a note for $275 and interest due December 1, 1901, which constitutes a lien against said property."

It was alleged that on the 17th day of February, 1903, the said Guthrie made, executed and acknowledged according to law a deed conveying the said lots to Jockusch, Davison & Company, transmitted the same by mail to them at their home in Galveston; that they received the said instrument by mail and about the same time received notice by service of citation of the institution of the said suit, and that they thereupon refused to accept the said deed and turned the same over to their attorney to be used in the defense of the suit against them. It was also alleged that subsequently they offered to return the said deed to Guthrie, which was tendered to him, in the answer filed September 17, 1903. The defendants, Jockusch, Davison & Company, prayed that the deed and deed of trust be set aside and that they have judgment against E. B. Guthrie for their debt.

Guthrie answered the cross-bill setting up his indebtedness to Jockusch, Davison & Company, the making of the deed of trust to secure them by the terms of which they assumed the payment of the note sued upon by Lyon & Son, and praying that that assumption be enforced so as to protect him. It was alleged that in accordance with the provisions of the deed of trust the said E. B. Guthrie, on the 17th day of February, 1903, made, executed and delivered to the said Jockusch, Davison & Company a deed conveying to them the property described in the petition

and demanded of them the cancellation of his indebtedness to the said firm.

The facts bearing upon the question presented to us are as follows: E. B. Guthrie had purchased from I. N. Guthrie the lots which are in controversy here for which he gave his note for $275 and interest with a vendor's lien upon the lots. Subsequently O. T. Lyon & Son became the owners of the said note; and thereafter E. B. Guthrie being indebted to Jockusch, Davison & Company in the sum of $1,037.63, represented to them that he was embarrassed and unable to pay the debt and offered to give them a deed of trust upon the lots in Hillsboro to secure their debt, and, that in case he should choose to do so, he should have the privilege of transferring the lots to them in satisfaction of the debt and Jockusch, Davison & Company should assume the payment of the note for $275. The deed of trust was accepted by Jockusch, Davison & Company. During the negotiations between Guthrie and Jockusch, Davison & Company, Guthrie represented to them by letters, which appear in the transcript, that the property was worth more than sufficient to pay what he owed the said firm and the note which was outstanding against him. He did not disclose to the said firm that the note was bearing interest from 1895. Jockusch, Davison & Company believed when they accepted the deed of trust that the lots were valuable and did not learn of their value, which was much less than the amount of the two debts, until some time after the transaction. But did learn of it on or prior to the — day of ——, 1902. When plaintiffs in error heard that the lots were not of the value that they had been represented to be they instituted inquiry about it and learned that the property probably was worth not more than twenty-five dollars each, which would not be sufficient to pay the purchase money remaining unpaid upon them with interest. On the 17th day of February, 1903, one day before this suit was instituted by Lyon & Son, E. B. Guthrie made and acknowledged a deed conveying the said lots to Jockusch, Davison & Company, acknowledged the same according to law and put it in the mail directed properly to the postoffice of the said grantees. The deed was received through the mail by Jockusch, Davison & Company and about the same time they were served with citation in the suit of Lyon & Son against them. Jockusch, Davison & Company sent the deed of trust to their attorney, Mr. Cummins, at Hillsboro, who had charge of the defense of this suit for them, and sometime afterwards one of the firm of Jockusch, Davison & Company went to Hillsboro to see Mr. Guthrie, had an interview with him and offered to surrender to him the deed, claiming that the assumption of the debt and the release of their debt against him was procured by fraudulent representations on his part.

At the trial in the District Court the judge, at the request of Jockusch, Davison & Company, submitted to the jury the following special charge: "If you believe from the evidence that Jockusch, Davison & Company, after having received information as to the condition and value of the lots in controversy, afterwards, within a reasonable time, notified the said Guthrie that they would repudiate the conditions of said deed of trust, and that the said Jockusch, Davison & Company were not holding said deed of trust with a view of obtaining any benefits thereunder, then, if you find for the defendants Jockusch, Davison &

Company under the other issues in the case as submitted in the charge of the court, then you will find for the defendants Jockusch, Davison & Company on this issue in the case." The jury returned a verdict in favor of Jockusch, Davison & Company against Guthrie upon which judgment was entered and, upon appeal, the judgment was reversed and the cause remanded. The writ of error was granted by this court upon the ground that the decision of the Court of Civil Appeals practically settles the case. Guthrie moves to dismiss the writ of error for want of jurisdiction because the decision of the Court of Civil Appeals does not practically settle the case.

The application for the writ of error was sought and granted in this case on the ground that the decision of the Court of Civil Appeals practically settles the case; that is, under the decision of that court, upon the return of the case to the District Court, upon the same evidence, the trial court would be required to instruct the jury to return a verdict against Jockusch, Davison & Company on the controlling issue in the case. The proposition upon which Guthrie's defense rests is, that Jockusch, Davison & Company are bound by their assumption of the note held by O. T. Lyon & Son, and that Guthrie was discharged from his indebtedness to Jockusch, Davison & Company by the execution of the deed to them. The liability of said parties depends upon whether they are estopped to rescind and repudiate the deed of trust executed for their benefit by Guthrie, which embraced the clause invoked by Guthrie to establish their liability to pay the note sued upon by Lyon & Son. After discussing a charge given by the trial court bearing upon this question and holding that the court erred in giving it, the Court of Civil Appeals said: "It was the duty of Jockusch, Davison & Company, upon receiving information that Guthrie had misrepresented the value and location of the lots and for this reason they wished to cancel the contract, to promptly repudiate the transaction and tender back to him the title and possession of the lots. (Hallwood v. Berry, 80 S. W. Rep., 857; Watson v. Baker, 71 Texas, 749; Precious Blood Soc. v. Elsythe, 50 S. W. Rep., 759; Landreth & Co. v. Schevenel, 52 S. W. Rep., 148; Schiffer v. Dietz, 83 N. Y., 300.) In the letter of September, 1902, they did not tender back the deed of trust, or in words, repudiate the contract. In the conversation which took place at Hillsboro the deed was not tendered back. This was not done until they filed their first amended original answer in September, 1903." The plaintiffs in error in their application admit that the deed made by Guthrie and the deed of trust were never actually returned by Jockusch, Davison & Company to Guthrie. This being true, the application of the rule laid down by the Court of Civil Appeals would necessarily hold Jockusch, Davison & Company liable upon the note and discharge Guthrie from his indebtedness to them. The motion to dismiss the writ of error is therefore overruled.

The prominent proposition in the opinion of the Court of Civil Appeals is, that a failure, within a reasonable time after discovering the fraud to return the deed of trust and the deed, would estop Jockusch, Davison & Company from setting up the fraudulent representations by which they were induced to accept the deed of trust. In the view that we take of this case the acceptance or nonacceptance of the deed is of

no importance because the rights claimed by Guthrie do not depend upon its acceptance by Jockusch, Davison & Company. If the deed of trust was valid and binding upon Jockusch, Davison & Company then by contract Guthrie secured the right to transfer to Jockusch, Davison & Company the lots in controversy in full discharge of his indebtedness and thereby to place upon them liability for the payment of the note sued upon by Lyon & Son. If Jockusch, Davison & Company had refused to receive the deed when tendered to them by Guthrie and had never had it in their possession the issue would be the same as now. That is, are the terms of the deed of trust binding upon them or may they now in this proceeding set up the fraud practiced upon them by Guthrie through which he procured them to accept the deed of trust? The plaintiffs in error received nothing from Guthrie; they did not get possession of the lots, nor were the lots ever placed under their control; nothing but simply the execution and delivery either to the trustee or to the cestui que trust of a paper creating in their favor a lien upon the lots were all of the benefits which have accrued to them from the transaction. It is a fundamental proposition that one who seeks to rescind a contract or conveyance must place the other party in statu quo by returning all of the benefits derived from such other party by means of the transaction. Jockusch, Davison & Company by this deed of trust secured a lien upon the lots; this lien they renounce and release in this proceeding and do not seek a foreclosure of the deed of trust. The deed of trust vested no title in them, no right of any kind except to enforce the lien upon the lots, so there is no title for them to restore, and to have returned to Guthrie the paper would have done no more in restoring Guthrie to his former position than a renunciation of its provisions and the declaration that they would not be bound by it. It had no value in itself to Guthrie nor to the plaintiffs in error. It is only as an instrument creating a lien that it was valuable to them or to Guthrie. We are of opinion therefore that the failure to return the deed of trust did not operate as an estoppel against the right of the plaintiffs in error to repudiate the transaction on account of the fraud and that whether the deed was tendered back or not is of no consequence in this proceeding, except that its retention with other facts might show an acceptance which might work an estoppel to set up Guthrie's fraud in making the deed of trust. The retention of the deed would not of itself establish the fact of acceptance, but it might under a given case authorize the presumption of acceptance. The facts of this case do not authorize such presumption.

Guthrie being on the stand as a witness, the trial court, over the objection of Guthrie's counsel, permitted the attorney of Jockusch, Davison & Company to ask Guthrie "if he had not acquired sufficient property since the execution of the deed of trust to pay off the debt of O. T. Lyon & Son and also the debt of Jockusch, Davison & Company." The answer sought to be elicited was irrelevant, but was probably hurtful to Guthrie's defense. The question covered a period of four years subsequent to the making of the deed of trust and could not have thrown light upon that transaction, but was of a character to appeal to the prejudices of the jury. The Court of Civil Appeals correctly held the action of the trial court to be reversible error.

Judgment can not be rendered in this court therefore the cause is remanded to the District Court for trial.

*Reversed and remanded to District Court.*