### BOWDEN et ux. v. WAGGONER et al.
### (No. 930.)

(Court of Civil Appeals of Texas. El Paso. March 13, 1919. Rehearing Denied April 3, 1919.)

1. SALES ⬧130(3)—RESCISSION — FRAUDULENT MISREPRESENTATIONS — BUYER'S KNOWLEDGE.

In an action for rescission of purchase of a mercantile business, evidence *held* sufficient to sustain a finding that the plaintiffs immediately after taking possession of the business had knowledge that defendants' representations of its volume were untrue.

2. SALES ⬧124 — RESCISSION — ABILITY TO PUT DEFENDANT IN STATU QUO.

Where plaintiffs seeking rescission of purchase of a mercantile business, immediately after sale, found such a discrepancy between the volume of the business and that represented by defendant as to constitute notice of being overreached, they should have kept the property in a condition to place the defendants in statu quo in case of rescission.

3. SALES ⬧124—RESCISSION—INABILITY TO PLACE SELLER IN STATU QUO.

Plaintiffs were not entitled to rescission of purchase of a mercantile business, where, after notice of being overreached, they brought about material business changes by making improvements and disposing of goods received, rendering it impossible to place defendants in statu quo.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Suit by H. E. Bowden and wife against Alverta Waggoner and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

T. A. Falvey and F. G. Morris, both of El Paso, for appellants.

Beall, Kemp & Nagle and Brown & Wilchar, all of El Paso, for appellees.

HARPER, C. J. This is a suit by H. E. Bowden and his wife, Flossie H. Bowden, brought in the district court of El Paso county, Thirty-Fourth judicial district, against Alverta Waggoner to rescind a contract of sale and cancel deed made by her to Bowden and wife, and to cancel the notice executed by them for the unpaid part of the purchase money given therefor, and to recover the payments made and for the value of improvements made by said Bowden and wife on the lots conveyed, for alleged fraudulent representations made by defendant and which induced plaintiffs to enter into said contract. The plaintiffs also sought an injunction against the State National Bank of El Paso, enjoining it from disposing of or parting with possession of the unpaid notes executed by plaintiffs, for which purpose the said bank was made a party defendant.

The defendant Waggoner answered by general denial, and allegations of knowledge having been acquired by plaintiff of the alleged fraud, and subsequent ratification or election to abide the contract. The defendant also filed a cross-action to recover on the unpaid notes given by plaintiffs and on those given by defendant Waggoner for certain personal property later sold to Bowden and wife, the payment of which was assumed by plaintiff Bowden and wife, as a part of said sale, and to foreclose the lien on the real estate and personal property involved in the deal.

The State National Bank answered by demurrer and general denial.

The case came on for trial September 25, 1918, before the court without a jury, and the court rendered judgment for defendant for $5,900 and interest, and on motion of plaintiffs filed findings of fact and conclusions of law; and plaintiffs excepted to the judgment and certain of the findings of fact and conclusions of law and filed statement of fact and assignments of error, and has brought the case here on appeal.

The court findings of fact and conclusions of law are as follows:

(1) I find that the defendant Waggoner made representations as to her daily gross receipts from her business as alleged in plaintiffs' petition.

(2) I find that said representations were false, in that her gross receipts during the month preceding the sale had not been more than half as much as she stated to plaintiffs they were.

(3) I find that said representations were made by defendant Waggoner knowingly.

(4) I find that said representations were material to the making of the contract by the plaintiffs, and that plaintiffs relied upon said representations as speaking the truth, and that the belief that the receipts from the daily sales were as large as was stated by the defendant Waggoner was a material inducement to the making of the purchase of the business, property, and location which the plaintiffs purchased.

(5) I find as a fact that the books introduced in evidence by the defendant correctly showed the business which she did up to and including February 24, 1918.

(6) I find as a fact that the plaintiffs, immediately after they took possession, had knowledge that said representations of defendant Waggoner were untrue.

---

(7) I find as a fact that the Coontown Tablet was not among the tablets seized by the search warrant or among the tablets for which plaintiff H. E. Bowden gave a receipt on May 7, 1918.

(8) I find that said Coontown Tablet was in possession of plaintiffs from the time they took possession of the store, but never came under their personal observation, and were never examined by them until about the middle of August, 1918.

(9) I find that if the plaintiff had undertaken to prosecute inquiry as to the facts concerning said fraud, they could, in the exercise of reasonable diligence, have discovered facts upon which to sustain a judicial decision.

(10) I find that the plaintiffs carried on the business, using the property purchased, made improvements thereon, and made the payments under the contract, for 4½ months, and took no steps to rescind the contract of sale until about August 16, 1918.

(11) I find that plaintiffs are in default of the payments overdue on said purchase as pleaded by defendant in her cross-action, and in the amount, principal, interest, and attorney's fees as pleaded by defendant.

(12) That by the time this suit was filed a material change in the position of the parties had occurred, and it is impossible to place the parties in statu quo.

[1] The first assignment attacks the sixth finding of fact upon the ground that there is no evidence to support it.

The fraudulent misrepresentations charged to have been made, and which induced appellant to enter into the trade, are that appellee stated that her daily sales were not less than $25 per day, except Sundays, and that on the latter days they were from $100 to $150. Appellants testified that the sales began to run, immediately after taking charge of the business, from $5 to $10 per day on week days and $40 to $50 on Sundays, and business did not increase—taking their testimony—during all the time they ran it, over four months. So great is the difference between these receipts and those they allege appellee represented she had received, as to conclusively show that it was impossible for the representation to have been true.

The second assignment charges error in the ninth finding, in that the evidence did not tend to prove a failure to make inquiry; since we have concluded that the evidence is sufficient to support the sixth finding, the ninth becomes immaterial.

[2] It is urged that the sixth finding, when construed in connection with the ninth simply means that the appellants had sufficient evidence to put them upon inquiry, and

that, there being no proof that if this inquiry had been followed up such evidence of the fraud would have been discovered as to justify an action for rescission, for that reason the appellants were excused from taking action to rescind at an earlier date. And it is further argued that, not until they found the book kept by appellee which showed the daily receipts for some time prior to the sale, did they have such proof, and that therefore any action brought prior to finding said book would have been futile, etc. We answer this by suggesting that, if the evidence does not support the sixth finding, in that the admissions of plaintiffs as to the discrepancy between the daily sales as represented, and those actually made immediately after the purchase, could not be held to be proof, this fact was at least so significant of the fact that they had been overreached that it must be held to have been notice to them that after-dealings with the property must be such as that they should keep it in such condition as to place the parties in statu quo in case they should conclude to rescind. Jockusch, Davidson & Co. v. Lyon & Sons, 100 Tex. 598, 102 S. W. 396; Carlock v. Sweeney, 82 S. W. 469.

[3] In this connection, appellants' complaint of the twelfth finding of fact and the first conclusion of law must be overruled for the reason that they have continued to use the property for over four months, made their payments as obligated, all the while selling off the stock of goods received, and have made improvements to the value of over $900 in the nature of a dance hall, which appellee testified she did not approve of and advised against it, and for which they ask a judgment, and that a lien be declared upon the whole property in case a rescission is decreed to secure its payment. Thus they have, as held by the trial court, by such acts brought about such material changes in the position of the parties as to render it impossible to place the parties in statu quo, and for this reason the court did not err in entering judgment for defendant. Dennis v. Jones, 44 N. J. Eq. 513, 14 Atl. 913, 6 Am. St. Rep. 899; Watson v. Baker, 71 Tex. 749, 9 S. W. 867; Guthrie v. Lyon, 98 S. W. 432, at bottom of page 434; Moore v. Giesecke, 76 Tex. 551, 13 S. W. 290; Manes v. J. I. Case Threshing Machine Co., 204 S. W. 235 (4); Shappiro v. Goldberg, 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419; Grymes v. Sanders, 93 U. S. 55, 23 L. Ed. 798.

Finding no error in the record, the cause is affirmed.