## POULTON v. MAGRUDER et al.*
### (No. 6781.)

(Court of Civil Appeals of Texas. San Antonio. June 16, 1922. Rehearing Denied July 1, 1922.)

**1. Vendor and purchaser ⬅⮕140—Abstract must be complete both as to public records and other matters necessary to perfect title.**

Vendor's agreement to furnish purchaser for her examination prior to conveyance a title abstract "brought down to date * * * showing fee-simple title in said seller free of all liens" implies a complete statement, in substance, of what appears on the public records affecting the title, and of such facts not so appearing as are necessary to perfect title.

**2. Vendor and purchaser ⬅⮕46—Contracts on vendor's printed forms construed in purchaser's favor.**

Where one unfamiliar with conveyancing signs a contract on vendor's printed form for a land purchase without first obtaining legal advice, the contract will ordinarily be construed most strongly in purchaser's favor.

**3. Vendor and purchaser ⬅⮕141—Inquiry upon trial as to sufficiency of abstract and vendor's title not confined to purchaser's objections made at time abstract is delivered.**

Where vendor agreed to furnish for purchaser's examination prior to conveyance a title abstract "showing fee-simple title in said seller free of all liens," title to be rejected only "for good cause," and after her attorney's examination, of vendor's abstract purchaser refused to accept title, the question upon trial is whether the abstract tendered and the title shown were materially objectionable under the contract, and the inquiry is not confined to purchaser's objections at time of examination.

**4. Vendor and purchaser ⬅⮕142—Purchaser may reject first abstract submitted by vendor and title shown thereby and rescind in absence of provision that vendor may perfect either.**

Where vendor agreed to furnish for purchaser's examination prior to conveyance an abstract showing fee-simple title in himself, free of all liens, to be rejected only "for good cause," without provision that vendor could perfect title upon purchaser's pointing out defects, if the abstract first tendered or the title thus shown was not such as the vendor agreed to deliver, purchaser's right to rescind instantly arose.

**5. Appeal and error ⬅⮕729—Condition of title tendered, as shown by abstract, when refused by purchaser, considered over vendor's objection that purchaser's specifications are too general.**

Where vendor agreed to furnish purchaser prior to conveyance title abstract showing fee simple in vendor, and purchaser contends that neither the abstract nor the condition of the title fulfills vendor's obligations, and rescinds, a directed verdict for vendor is an assumption that the abstract is sufficient, and that it, disregarding the real condition of title, affirmatively showed that vendor held a fee simple,

and the court will consider the correctness of this assumption without great regard to the generality of purchaser's specifications of error.

**6. Appeal and error ⬅⮕172(1)—Court's examination of title abstract confined to purchaser's specific objections.**

Where plaintiff makes specific objections in her petition instead of standing on a first general allegation that title abstract furnished by her vendor for examination prior to conveyance "was not shown to be a true and correct copy of the original," plaintiff will be restricted to the specific objections to maintain her rescisson of agreement to purchase, where the case is decided on the merits, although the reviewing court finds the abstract otherwise irregular.

**7. Vendor and purchaser ⬅⮕143—After accepting vendor's title abstract for examination, purchaser cannot rescind contract to purchase on ground that abstract was not delivered within time agreed upon.**

Purchaser cannot rescind contract to purchase on the ground that vendor did not tender to her abstract for examination until more than 10 days from date of contract after she has accepted the abstract for examination.

**8. Public lands ⬅⮕176(1)—Titles in city of San Antonio deraigned from sovereignty by its deeds executed in 1852.**

Purchaser cannot object that vendor's title to land in the city of San Antonio is imperfect because not deraigned from the sovereignty where the city conveyed in 1852, since a deed executed in that year conveying property appearing as a part of its subdivision, together with the legislative recognition (Laws of Republic 1837, p. 37) of the city's title within its ancient boundaries, sufficiently shows grantee's title from the sovereignty.

**9. Vendor and purchaser ⬅⮕140—Abstract supplied by vendor should contain maps where land lies in a city subdivision.**

Abstract furnished by vendor for purchaser's examination of title should contain field notes or maps whereby purchaser can accurately asertain the location of the land where the burden is upon vendor to affirmatively show title in himself, and the land lies in a city subdivision.

**10. Vendor and purchaser ⬅⮕159—Mere failure of vendor to tender purchaser proper deed and notes does not warrant latter's rescission.**

While the purchaser is under no obligation to sign the note and accept deed tendered by vendor when they do not comply with his contract to sell, vendor's presentation of such a deed and note does not in itself warrant purchaser's rescission, especially where there is no provision for any particular time for presenting these papers.

**11. Damages ⬅⮕79(5)—Deposit as part purchase price of land treated as penalty upon purchaser's failure to accept a sufficient title.**

Where purchaser agrees that, in case she rejects title for insufficient cause, vendor shall

retain as liquidated damages a sum deposited as part purchase price, this will, upon rejection without cause, be treated as a penalty where vendor's damages are readily ascertainable, and the latter can recover only actual damages.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by Mrs. Nellie M. Poulton against B. Magruder and others. From a judgment for defendants, plaintiff appeals. Judgment reversed, and cause remanded.

Newton & Woods and McCollum Burnett, all of San Antonio, for appellant.

Lewright & Lewright, of San Antonio, for appellees.

SMITH, J. On May 28, 1919, Mrs. Nellie M. Poulton and Mr. and Mrs. B. Magruder entered into a contract for the purchase and sale of a house and lot at 110 W. Huisache avenue, in the city of San Antonio. The contract provided:

"That Mrs. B. Magruder and husband, seller, the owner in fee of the property below described, in consideration of one thousand ($1,000.00) dollars, to them paid by Mrs. Nellie M. Poulton, purchaser, as earnest money on the purchase of said property, does hereby agree and bind himself to convey unto the said purchaser the following described premises:

"House No. 110, our home on W. Huisache St., San Antonio, Texas.

"The terms of sale are as follows:

"The seller is to furnish unto the purchaser copy of an abstract of the title to said property brought down to date by the Texas Title Company, or some other approved abstracter of the county where the land is situated, within 10 days from this date, and showing fee-simple title in the said seller free of all liens except such as are assumed by the said purchaser and as may be hereinafter named, and the said purchaser is to accept or reject said title within 10 days from the delivery to him of said abstract, and said title shall only be rejected for good cause.

"If· said title is rejected for good cause, said earnest money is to be returned to the purchaser, and this contract is to be of no further force or effect; but if the title to said poperty should prove good in the seller, he shall execute and deliver to the purchaser a general warranty deed to said property, and said purchaser shall pay therefor as follows: One thousand ($1,000.00) dollars cash, of which said sum paid as earnest money shall form the part, and the promissory notes of said purchaser, payable to the order of the seller, secured by vendor's lien on the said poperty, as follows:

"The assumption of a certain note or notes for the sum of $3,500.00 due in 4 years, held by Terrell & Terrell, and ·second vendor's lien note or ·notes for the sum of three thousand ($3,000.00) dollars, payable at the rate of ($50.00) fifty dollars per month, interest included, due on or before. Total consideration, $7,500.00 interest 8 per cent. taxes and insurance prorated to. July 1st, and property delivered July 1st, 1919.

243 S.W.—33

"If the title of said seller to said property should prove good, and the purchaser should fail to comply with his part of this contract, said sum of earnest money above mentioned as paid shall be retained by the seller as and for his liquidated damages agreed to by the parties hereto, on account of such default by the purchaser."

The contract was executed on May 28th, at which time Mrs. Poulton gave her check for $1,000 to Wm. C. Lott, the father of Mrs. Magruder, and the authorized agent of the sellers, and Lott cashed the check the next day. Twelve days later Lott delivered to Mrs. Poulton a purported copy of abstract of title to the property, together with an unsigned deed of conveyance to her from the Magruders, all of which she turned over to her attorney for examination and advice. Four days later her attorney returned the abstract to Mrs. Poulton, pointing out to her certain objections to the abstract,· as well as to the title thereby shown, and in the deed tendered, advising her not to consummate the trade, as the sellers had "in no sense" complied with the contract of purchase. Acting on this advice, Mrs. Poulton at once gave written notice to the Magruders and their agent, Lott, declining to accept the "title and papers furnished me under contract," and requesting them to refund the $1,000 she had paid. A few days later the Magruders, through their attorneys, offered to cure the objections made, but this offer was ignored by Mrs. Poulton, and nothing further was done in the matter until she filed this suit to recover the $1,000 paid Lott, with interest, and to establish a lien against the property involved to secure payment of the money judgment sought. The trial court directed a verdict against Mrs. Poulton, who brings this appeal. It should be added here that, upon filing suit, Mrs. Poulton had lis pendens notice filed and recorded, and some months later .the Magruders sold the property to C. K. McDowell, who was made a party defendant in the suit. Wm. C. Lott and M. W. Terrell, the latter as owner of the prior lien against the property,' were also made defendants.

[1] In the contract of sale the Magruders obligated themselves to furnish Mrs. Poulton "copy of abstract of title to said property brought down to date ·* * * showing fee-simple title in said seller free of all liens," etc. The agreement to furnish an abstract of title implied that such document should be thorough and complete (Maupin, § 73, p. 165), and contemplates a statement, in substance, of what appears on the public records affecting the title, and also a statement, in substance, of such facts as do not appear upon the public records which are necessary to perfect the title. Hollifield v. Landrum, 31 ·Tex. Civ. App. 187, 71 S. W. 979.

[2] The record here shows—if not affirmatively, then it warrants the inference—that

Mrs. Poulton is a widow, and runs a boarding house as a means of living, and it is quite natural that she should employ an attorney to examine the title tendered her, rather than depend upon her own judgment. She did not employ such attorney, however, until after she had signed the contract of sale, which was a printed form, furnished, presumably, by the agent of the Magruders. These facts here fortify and emphasize the wise rule that such contracts will be construed most strongly in favor of the purchaser. Maupin, § 9, p. 30. Of course, when her attorney, after examining the abstract and the deed and note tendered therewith, advised her against accepting the title offered, Mrs. Poulton rescinded the contract, and demanded the return of the money paid.

[3] This action on her part raised the one question of whether or not the abstract tendered and the title as shown therein were in compliance with the contract. She will not be limited in her suit to the objections raised by her attorney at the time. Under the contract, she was not required to point out the defects, either in the abstract or in the title. If either was materially objectionable for any reason, she was warranted in rescinding, and the subsequent offer of the Magruders to furnish a proper abstract, or cure the alleged defects in the title, could not serve to revitalize the contract.

[4] It will be observed that the contract did not provide, as is more often the case, that, if the title disclosed by the abstract tendered by the seller is found by the purchaser to be defective, the seller shall be allowed an opportunity to cure the defects. On the contrary, it was simply provided that the title shown in such abstract must be accepted or rejected, although if rejected it must be for "good cause." No provision was made that, if the first abstract tendered by the seller was unsatisfactory, or did not show good title, the latter should have an opportunity to procure and present another or different abstract, showing a different or better title. The question of whether or not time was the essence of the contract is not presented, as appellee contends. It is purely a question of giving effect to the plain and unambiguous provisions of the contract. If the parties had so intended, they could easily have stipulated in the contract that, if the abstract first tendered by the seller was not satisfactory, another might be secured and supplied, or, if the title shown in the abstract tendered appeared to be defective, the seller should have an opportunity to show that in fact no such defects existed, or, if they did exist, to cure them. The language of the contract plainly negatives both alternatives, and this court is not warranted in reading those provisions into the contract. Accordingly, if the abstract furnished by the seller was not in fact a thorough and complete abstract, or if it was not such as showed title to be in him, and free of liens, the purchaser was warranted in rescinding the contract and recovering the money she had paid, though the seller had good title as a matter of fact. The purchaser, under the plain provisions of the contract, had the right to assume that the abstract tendered was the best and only one the seller could, or would furnish her, and, if the abstract first tendered, or the title thus shown, was not such as the seller had contracted to deliver, the right of the purchaser to reject instantly arose. Maupin, Mark. Title (2d Ed.) § 73, p. 164.

[5] Appellee objects somewhat strenuously to the consideration of appellant's assignments of error, as well as the propositions based thereon, contending that the specifications and propositions are too "general," "vague," "multifarious," etc. The appeal, however, is from a judgment based on a directed verdict, and a peremptory instruction is fundamental in its effect, requiring notice from an appellate court, whether assigned as error or not. Here the court directed a verdict on the whole case, thereby affirming that under no phase of the pleadings and evidence was appellant entitled to recover, and under every phase of the case appellees were entitled to recover. It was, in effect, an assumption that the abstract tendered by the Magruders to Mrs. Poulton was in compliance with the provision of the contract relating thereto, and that such abstract, within itself, and without regard to the real condition of the title, affirmatively showed that the Magruders held the fee-simple title to the property, free of any liens other than that of Terrell. It therefore becomes our duty to consider the correctness of this assumption without very much regard to the manner in which appellant has raised the questions involved. As the peremptory instruction went to the very foundation of the case, it is the duty of this court to follow it there, and determine from the record the rights of the parties.

[6] Appellant, in her pleadings, raises certain objections both to the abstract and the title shown therein. While we think the copy of abstract delivered to Mrs. Poulton was perhaps subject to material objections, and could not be considered in compliance with the contract to furnish the same, we doubt if the specific objections urged against it upon the trial are tenable. The first objection in plaintiff's petition is that the abstract "was not shown to be a true and correct copy of the original abstract." This is simply a conclusion of the pleader, although, in the absence of exception, it would be sufficient to let in proof of specific evidence to support it. But, instead of standing on this general allegation, appellant in her petition set out specific objections to the abstract, and we think in such case she would be restricted to these specific objections. The

copy of the so-called original abstract furnished Mrs. Poulton by the agent of the Magruders although embraced within one cover, without title page, consists of several parts, to each of which is affixed a certificate purporting to authenticate the section or supplement of the abstract immediately preceding it. In most instances these certificates and the supplement to which they purport to relate do not co-ordinate. Each certificate purports to embrace specified pages preceding it, but some of them purport to cover pages not in the supplement to which they relate, and some of the supplements include pages not covered by the certificate thereto; some of the certificates purport to embrace instruments which appear to have been executed subsequent to the date of the certificates, while some purport to cover pages which do not appear anywhere in the entire abstract, and others, purporting to relate only to pages preceding them, describe pages, some of which precede, and others follow, them. These objections, however, have not been raised here, and for that reason cannot be considered in disposing of the case on its merits.

[7] Appellant makes the point that, as the abstract was not tendered Mrs. Poulton until more than 10 days from the date of the contract, appellees could not insist on performance by Mrs. Poulton. This contention is not tenable. When the latter received and accepted the abstract for the purpose of examination, she thereby waived her right to rescind on account of appellees' failure to furnish it at an earlier date.

[8] In the abstract furnished, the title shown was not deraigned from the sovereignty of the soil, but only from the city of San Antonio, which conveyed the property in 1852, and this is made the subject of one of appellant's objections to the title shown. It has been held that a deed executed by the city in 1852 conveying property appearing as a part of a subdivision of its lands, together with the legislative recognition (Acts 1837, p. 37) of the city's title to land within its ancient limits, sufficiently shows grantee's title to the property from the sovereignty. City of San Antonio v. Ostrom, 18 Tex. Civ. App. 678, 45 S. W. 961.

[9] Objection is made to the abstract that it was not accompanied by "maps showing the various subdivisions affecting the property under investigation." Ordinarily, the vendor could not be required to furnish such maps. But where, as here, the burden is upon the vendor to affirmatively show title in him, and the property is shown to be a part of a subdivision of a larger tract, the abstract should show facts, either by plats or field notes, from which the purchaser could accurately ascertain the location of the specific property to be conveyed. We have made no thorough search of the abstract before us, and neither party has referred in his briefs to the portions of the abstracts applicable to the question raised.

[10] When Lott, the agent, delivered the abstract to Mrs. Poulton, he also delivered to her the deed by which the Magruders proposed to convey the property to Mrs. Poulton, as well as the note which they expected her to execute for the deferred payments on the property. Both the deed and the note were at vital variance with the terms of sale as fixed in the contract. Both instruments made it obligatory upon Mrs. Poulton to keep the property insured for $4,500 against fire and $750 against tornado, and to pay 10 per cent. interest on all past-due principal and interest, whereas the contract contained none of these stipulations. They also provided that, in case of default in the payment of any installment note, the grantors had the option to mature all installments, although such provision was not contained in the contract. It was also provided in the deed that Mrs. Magruder should pay all taxes assessed against the property for the year 1919, whereas it was expressly stipulated in the contract that the taxes for that year should be prorated between the parties. Of course, then, Mrs. Poulton was under no obligation to accept this deed, or execute this note, even though the matter of title had been satisfactory. But while this is true, we doubt if the presentation of this deed and note would alone have warranted rescission of the contract. The latter provided no time or occasion for the presentation of the deed for acceptance, and, if the contract had been complied with in other respects, Mrs. Poulton could have required the Magruders to execute a proper deed, and the latter could have required the former to execute a proper note. But the presentation to her of the deed and note in the form presented warranted Mrs. Poulton in exercising the utmost caution in proceeding further in the transaction.

[11] In directing a verdict for appellees the trial court in effect held as a matter of law that the seller was entitled to recover as "liquidated damages" the entire sum of $1,000 paid by Mrs. Poulton to Lott at the time of the execution of the contract. In this we think the court erred. It is now the settled law of this state that, in case of a breach by the purchaser of contracts of this character, a stipulation that the seller shall retain, as liquidated damages, the sum deposited by the purchaser as part payment of the purchase price will be treated as a penalty where the damages are of such nature that they may be readily ascertained. And in such case the seller can recover only such damages as he may be shown to have actually sustained. Atwood v. Fagan, 63 Tex. Civ. App. 659, 134 S. W. 765; Davis v. Wagner (Tex. Civ. App.) 237 S. W. 612. Here the damages were ascertainable, and the evidence was quite sufficient to raise the ques-

tion, which should have been submitted to the jury.

The judgment will be reversed, and the cause remanded.