## PYRON v. BROWNFIELD et al. (No. 2390.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1925. Rehearing Denied Feb. 25, 1925.)

1. **Evidence** &#8680;411—Surrounding circumstances and conversation admissible, where writing is not conclusive as to containing all of agreement.

Where terms of writing do not settle conflict as to whether it contained all the terms of the agreement, facts and circumstances surrounding its execution, and the conversations relating thereto, are admissible.

2. **Trial** &#8680;352(1) — "Under the written instrument" in special issues, covers facts and circumstances in evidence as to the instrument and its execution.

"Under the written instrument" in special issues, as whether thereunder the parties were buying as joint owners, or one was employed as broker of the other, *held* to cover the facts and circumstances in evidence as relating to the instrument and its execution.

3. **Appeal and error** &#8680;882(14)—Any error in submitting intention of parties held invited by request for special issues.

Any error in court's submitting special issue of intention of parties to contract was invited, by defendant submitting, prior to the giving of the general charge, special issues doing the same thing, though he tendered at the same time special charges instructing a verdict in his favor.

4. **Equity** &#8680;66—No occasion for offering to do equity.

There is no occasion for offering to do equity, as is necessary in suit to rescind contract, where plaintiff, in action to remove cloud, merely asserts that the contract was one of employment, which has terminated, and is not shown to have received any benefits therefrom.

5. **Trial** &#8680;256(4)—Requested special charge pointing out issues as to which each party has burden, necessary.

Charge that the burden of proof in the case is on the party asserting the affirmative of any issue to establish it by a preponderance of the evidence, being correct, error cannot be predicated on failure to point out the issues as to which each party has the burden, in absence of requested special charge.

Appeal from District Court, Gray County; W. R. Ewing, Judge.

Suit by M. V. Brownfield against R. B. Pyron and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Phillips, Trammell & Chizum, and Evan S. McCord, all of Ft. Worth, and A. A. Lumpkin, of Amarillo, for appellant.

Frank Willis, of Canadian, Underwood, Jackson & Johnson, of Amarillo, and Roscoe Wilson, of Lubbock, for appellees.

RANDOLPH, J. This is a second appeal in this case. The opinion in the former ap-

peal is to be found in (Tex. Civ. App.) 238 S. W. 725. The statement of the case made in that opinion is here adopted as a correct statement in this appeal, but supplemental statements will be made when deemed necessary to explain a particular ruling.

Appellant's first proposition presents the contention that by the written contract he became jointly interested with Brownfield in the "deal," or land, that they were joint adventurers, that the contract was irrevocable, and that the considerations moving from Pyron to Brownfield under the alleged contract was executed as well as executory.

The written instrument relied on by appellant to establish the contract between the parties, and which he insists that the court should have construed without submitting it to the jury, is as follows:

"Fort Worth, Texas, January 28, 1909.

"Messrs. R. B. Pyron and Coke W. Harkrider, Fort Worth, Texas.—Dear Sirs: Referring to the tract of land. 5,944 acres, situated in Gray county, Texas, this day purchased through J. F. Wellington, Jr., it is understood that you are to pay me interest on the amount of money paid by me on the deal and to get one-half of the profits when the land is sold. You are to have exclusive sale of said land, and I will make deeds when called for on any part of the land sold.

"Yours truly, M. V. Brownfield.
"We hereby agree to the above.
"R. B. Pyron.
"Coke W. Harkrider."

Plaintiff in his second amended original petition brings suit in trespass to try title for the land in controversy, and, as additional cause of action, alleges that he and Pyron and Harkrider entered into a contract by the terms of which said Pyron and Harkrider would have the exclusive right to resell the land purchased by him in Gray county, for a period of three years from January 28, 1909; that said lands should be sold at a price of $10 per acre cash, and that if defendant and his partner should within such time procure a purchaser for said land at the price of $10 per acre, that plaintiff would convey the land, and that from the proceeds of the sale plaintiff should be repaid all purchase money and payments, together with interest thereon at the rate of 10 per cent. per annum from the date of such payments, and, that after plaintiff was repaid such purchase money and interest, the proceeds above such amounts should be equally divided, one-half to plaintiff and one-half to defendant and Harkrider; that after said contract was agreed upon, the defendant, acting for himself and Harkrider, presented to plaintiff a purported memorandum of such agreement with the request that plaintiff sign it merely for the protection of the defendant and his partner in advertising such lands, and as a showing of their right to make a sale thereof; that defendant represented that said memorandum contained all the terms of the agreement above set forth, and that it merely reduced to writing the actual agreement as made by the parties; that defendant presented said memorandum of agreement to plaintiff after he had already, in the absence of plaintiff, had same typewritten and ready for signature, and represented to plaintiff that he was leaving that night for Kansas City, and was in a great hurry to get said agreement signed, and that, at the time such instrument was so presented to plaintiff, it was late in the evening, and only a short time before defendant represented his train was leaving for Kansas City; that said plaintiff casually glanced over one of the copies of the instrument but did not look over the other, and attached his signature to each without carefully reading or being familiar with the contents of either, and relied upon the representations and assurance of the defendant that said writing contained all the terms of the agreement; that he thought and believed such agreement contained all the terms of the agreement, particularly the provisions that said agency contract should terminate, and, under no condition continue longer than January 28, 1912, and the agreed rate of interest, and that such terms of the original contract were omitted from the written instrument by fraud, accident or mistake.

[1] The evidence was conflicting upon the issues thus presented, and, under the facts, this court held in the former opinion that the facts and circumstances surrounding the execution of the instrument and the conversations relating thereto, in view of the fact that the terms of the instrument did not settle this conflict, were admissible in evidence for the consideration of the jury, and we again approve this holding. But there are other and potent reasons why the action of the trial court in submitting the issues to the jury should not be disturbed.

On the former appeal to this court the appellant contended that it was a question for the jury to say whether Pyron and Harkrider took an equitable interest in the land and the profits thereof, and that if a verdict for Pyron should not have been instructed, the case should, at least, have been submitted to the jury; this position being taken in this court at that time upon the action of the trial court in construing the contract, and not instructing a verdict for Brownfield. This court in that opinion substantially agreed with appellant's contention that it was not for the trial court to construe the contract, but that the issues should have been submitted to the jury, and, for that reason, reversed the case.

On the last trial of the case, the court submitted the two issues below set forth, and appellant is now before this court insisting that it was error for the trial court to submit the question to the jury, and that the

trial court should himself have construed the contract. On the trial of the case, after the court had refused to give defendant's peremptory instruction, and had overruled defendant's objection to the submission of any issues to the jury, "and within a reasonable time before the submission of any issues to the jury," the defendant submitted the following special issues in their numerical order, to wit:

"Defendant's Requested Special Issue No. 1.

"Gentlemen of the Jury: Was it the intention of the parties to the contract, to wit, R. B. Pyron, Coke W. Harkrider, and M. V. Brownfield, of date January 28, 1909, that when the land mentioned in said contract was sold, that the plaintiff, M. V. Brownfield, was to receive back the money paid by him on the deal, with interest thereon, and after the payment of said sum that the defendant R. B. Pyron and Coke W. Harkrider were to receive one-half the profits when the land was sold? Let your answer be Yes or No, according to your findings from the evidence.

"Defendant's Requested Special Issue No. 2.

"Gentlemen of the Jury: Was it the intention of the parties, M. V. Brownfield, R. B. Pyron and Coke W. Harkrider, to the contract of date January 28, 1909, that the said R. B. Pyron and Coke W. Harkrider would receive, when the land mentioned in said contract was sold, one-half of the profits, after the purchase money paid for said land by the plaintiff Brownfield had been returned to him, together with interest thereon? Let your answer be Yes or No, according to your findings from the evidence."

Was the manner or form of the submission of issues Nos. 1 and 2 by the court to the jury erroneous? We do not think so. The issues as submitted, were intended to and did cover the contract as actually made. In the general charge the court instructed the jury prior to the submission of the issues below quoted, the following:

"This case is submitted to you on what is known as special issues in the form of questions propounded to you, and you will, from all the evidence in the case, answer such questions without regard to the effect your answer or answers may have on the outcome of this suit."

The trial court then submitted the following issues Nos. 1 and 2:

"Question No. 1. Under the written instrument, introduced in evidence, dated January 28, 1909, executed by M. V. Brownfield, R. B. Pyron, and Coke W. Harkrider, was it the intention of the said parties that the said Brownfield was to purchase the land in controversy in his own name, and as joint owner with Pyron and Harkrider, for the joint benefit of the said Brownfield, Pyron, and Harkrider, subject to Brownfield first being paid back all money paid by him on the deal, with interest, after the land was sold? Answer this question Yes or No.

"Question No. 2. Under the written instru-

ment, introduced in evidence, dated January 28, 1909, executed by M. V. Brownfield, R. B. Pyron, and Coke W. Harkrider, was said Pyron and Harkrider only employed as real estate agents to sell the land in controversy for said Brownfield, and to receive a share of the profits of such sale for making the same? Answer this question Yes or No."

The jury answered question No. 1 in the negative, and question No. 2 in the affirmative.

[2] "Under the written instrument" covers the fact and circumstances introduced in evidence as relating to the instrument and its execution. Hostetter v. City of Pittsburg, 107 Pa. 431.

[3] Whether or not it was error to submit the question of the intention of the parties to the jury was waived by appellant by his insistence to the contrary on the first hearing in this suit, and by his tendering to the trial court on the last trial the two special issues above quoted. If it was error, which we do not concede, it was invited by him, notwithstanding he tendered at the same time special charges instructing a verdict in his favor; it being shown by the record that such special issues were submitted to the court prior to the giving of the general charge. Over v. Missouri K. & T. Ry. Co. (Tex. Civ. App.) 73 S. W. 537. Judging from the very language used by the court in submitting issues 1 and 2, they were based upon the special instruction requested by defendant, hence defendant cannot complain that the jury was instructed to pass "upon the intention of the parties." City of San Antonio v. Ostrom, 18 Tex. Civ. App. 678, 45 S. W. 961 (writ denied); Hardin v. Hodges, 33 Tex. Civ. App. 155, 76 S. W. 218 (writ denied); International & G. N. Ry. Co. v. Sein, 89 Tex. 63, 33 S. W. 315, 558.

From all the evidence in the case it will be observed that the question of the execution and terms of the contract was being tried under the evidence as a whole, and that it was so understood at the time of trial; hence the jury could not have been misled.

The appellant is contending that Brownfield's suit to reform the written instrument comes too late, in face of defendant's plea of limitation. By the amended pleading plaintiff is no longer seeking a reformation of the contract. No issue was submitted to the jury involving such question, and no judgment was rendered decreeing reformation, hence the contention is not tenable.

[4] There was no occasion for offer to do equity by the plaintiff in his petition, or on the trial. The plaintiff claimed that the defendant was merely employed as a sales agent, and that his employment had terminated in three years. The rule that one who seeks to rescind a contract or conveyance must place the other party in statu quo by returning all of the benefits derived from such other party by means of the transac-

tion (Jockusch, etc., v. Lyon & Son, 100 Tex. 594, 102 S. W. 396), can have no application to this case when the party is simply asserting that the contract has long since terminated, and is not shown to have received any benefits therefrom.

[5] Appellant also assigns as error the trial court's explanatory charge upon the burden of proof, which charge was given in the following language:

"The burden of proof in this case is upon the party asserting the affirmative of any issue to establish the same by a preponderance of the testimony, by which is meant the greater weight or degree of credible testimony."

The grounds of appellant's exceptions to such charge are: That same is confusing and misleading, leaving the jury without a guide or criterion by which to determine who has the burden of proof on the various issues, and did not inform the jury as to which of the issues submitted was upon plaintiff and which upon defendant. No special charge was presented to the court to be given to the jury to correct this alleged error. If the giving of this charge was error, either negative, positive or affirmative error, under the holding in the case of Houston & T. C. Ry. Co. v. Gant (Tex. Civ. App.) 175 S. W. 746, and Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 562, 32 A. L. R. 1183, it was only necessary for the appellant to have excepted to the court's action in giving it, and it was not necessary for him to have tendered a special charge extending the charge as given to apply the burden of proof to the respective parties upon the issues devolving upon such parties to establish them by a preponderance of the evidence.

Abstractly the charge is not erroneous. It presents no principle of law erroneously. It is well established that the burden of proof rests upon the party asserting the affirmative of an issue to establish such issue by a preponderance of the evidence. Moulton v. Deloach (Tex. Civ. App.) 253 S. W. 304, 305 (writ denied). Such being true, we hold that the charge as submitted was not erroneous. It could not mislead the jury. However, if the appellant had presented a special charge identifying a particular special issue, the establishment of the affirmative of which by a preponderance of the evidence rested on a particular party, and the court had refused to give such special charge, then such refusal might have been erroneous; but if the charge given was abstractly correct, and no special charge requested to extend the application of the rule, no error was committed.

What we have said covers all of the material assignments and propositions advanced by appellant, and we overrule same and affirm the judgment of the trial court.

## On Rehearing.

We have considered appellant's motion for rehearing, and it seems to us that there is a misapprehension on the part of his counsel as to the full force and effect of our decision, or opinion, upon the question of invited error. We hold that there was no error of law in the opinion of this court rendered on the former appeal (238 S. W. 725), and then assign other reasons why it was not error for the trial court to submit the issue to the jury.

We now hold expressly, first, that the trial court did not err in submitting same to the jury; and, second, that even if error was committed, it was invited error.

JACKSON, J., not sitting.